ADMINISTRATOR AND ADMINISTRATRIX OF JOHN SMITH *vs.* JOHN C. POYTHRESS AND OTHERS.

Where notes had been given by a husband for materials and merchandize, used and employed for the benefit of the separate estate of his wife, and for her support and maintenance, and judgments had been recovered on the notes against the husband, and executions had been returned " no property found." Held, on bill filed for that purpose by these judgment creditors, that the separate estate of the wife was liable in equity for the payment of these claims.

Had the husband paid these demands, he would have been entitled to be re-imbursed out of the separate estate, and the creditors are entitled in equity to the same equity, the husband being insolvent.

Appeal from Jackson Circuit Court.

*Woodward,* for Appellants.

*Yonge,* for Appellees.

LANCASTER, Justice:

This case comes from Jackson Circuit Court, and is a Bill in Chancery of the administrator and administratrix of John Smith, deceased, to make the settled, separate estate of Mary E. Cheeseborough, wife of William B. Cheeseborough, liable for the payment of debts contracted by William B. Cheeseborough, who was acting agent on said estate for his said wife, for supply and improvement of said estate, and which contracts were for the comfort, accommodation, and advantage of his wife, the said Mary E. Cheeseborough, and made with her assent and sanction. The debts were contracted, one with John R. Chapman, for lumber and plank appropriated in the erection of a dwelling house, carriage house, negro houses, gin house, stables, &c., on the said separate estate of his said wife, amounting to the sum of $647 69-100; and another for goods, wares, and merchandize for the benefit of his said wife, the said Mary, and for the support and maintenance of her said separate estate, with one Washington Chapman for the sum of $126 11-100. William B. Cheeseborough gave his separate notes for these two demands, which came regularly to the intestate of the complainants by assignment. Suits were brought upon them, judgment obtained, execu-

Administrator, &c. of John Smith, *vs.* John C. Poythress and others.

tion issued against the said Wm. B. Cheeseborough, and a return had thereon of " no property found."

To this bill the defendants demurred and allege as ground of demurrer want of equity in the bill; that, admitting the facts in the bill as true, the parties had taken Mr. Wm. B. Cheeseborough's notes in payment, upon which suit had been brought; that, having contracted with the agent, and given him credit, they cannot hold the principal bound.

It is alleged in the bill that the lumber bought of John R. Chapman was applied in the construction of a dwelling and other houses on the trust estate, and enhanced its comfort and permanent value ; that the goods bought were for the support and maintenance of said estate ; that the supplies were furnished with the assent and sanction of the *cestui que trust.* It may be true in general, in commercial transactions, that where one deals with and trusts the agent, he cannot hold the principal bound. But where an estate depends on equity for its existence it should do equity.

In this case, the *cestui que trust* knows of these contracts, when made assents to and sanctions them. Her trust estate has the advantage of the one in permanent improvements and repairs, in the other of support and subsistence. She herself has the benefit of the services of her husband, who is insolvent, by appropriating his whole time and attention to her business. She is rich—he is worth nothing. She receives and enjoys the benefits of these contracts, and is now willing to evade their responsibility. Permits her husband (who she knows to be insolvent) to liquidate these demands with his own notes, and coolly says to the complainants you have elected the agent as your debtor, make what you can out of him. To tolerate such a proceeding would (it seems to the Court) assist husband and wife in cases where she has a separate estate to defraud and deceive. Let it not be said, that because the husband is bound for the support and maintenance of the wife, therefore such contracts are made by him properly for that purpose, and her estate is not responsible for them. Howsoever true it may be that the husband is bound to support and maintain his wife as a general rule, cases like the present will, as they must, form exceptions ; but in any event, they can furnish no ground to justify or defend fraud. A poor husband is not bound to support his rich wife by cheating his neighbor, and she will not be permitted to aid in the deception, enjoy and thrive by the fruits of it, and disclaim all liability. If the husband had been able,

and had paid these demands, he would in equity be entitled to have them refunded to him from the proceeds and profits of the wife's equitable estate.   7th Paige, Ch. R., 13.

With equal equity the complainants may set up the same demand against the same estate.   The property was bought for the trust estate, is mainly in permanent fixtures on it, and has not been paid for.   Cater vs. Eveleigh, 4 Des. So. Ca.  E. R. 20, and 1 McCord C. R. 369.

It is therefore ordered, adjudged, and decreed by the Court, that the appeal be sustained, the judgment and decree below be reversed, the demurrer be overruled, and that the Appellees answer the bill in the Court below.