Hanschild, Admr., v. Stafford.

HANSCHILD, Administrator, v. STAFFORD.

Judgment: REVERSAL IN SUPREME COURT: RESTORATION OF PROPERTY TAKEN. Where property, taken under a judgment from which an appeal has been taken without the filing of a *supersedeas* bond, and which is afterward reversed, has, by voluntary sale, or by seizure and sale under process, passed to an innocent purchaser pending the appeal, or where money collected under such judgment is received by one occupying a fiduciary capacity, as by an administrator, and he has, pursuant to an order of court, paid it over to another, the summary remedy provided by section 3540 of the Revision, for the restoration of property or money, cannot properly be administered, and the party is left to his ordinary remedy.

27 301
6117 433
27 301
125 490

*Appeal from Jackson District Court.*

FRIDAY, JUNE 18.

PLAINTIFF, as administrator, sued defendant to recover money paid by his intestate, upon an unexecuted land contract. In the District Court he obtained judgment for seventy-five dollars and sixty cents, besides costs. The defendant appealed to the Supreme Court; and pending the appeal, the cause having been continued by the parties, plaintiff collected the amount of the judgment and costs, $127.60; and, afterward, the judgment of the District Court was reversed. See the case reported in 25 Iowa, 428. After the cause was redocketed in the District Court, the defendant filed an affidavit setting forth the facts, and moved thereon for an order for the restoration of the money so collected of him, and that he have execution thereon, etc.

The plaintiff in resistance to the motion filed his affidavit, stating that the money was received by him as administrator of the estate of Wm. Schrader, deceased, and the money was, under the direction of the County Court,

applied to the payment of the claims against said estate; that the said estate has been fully settled, and the administrator discharged, and that the said estate was insufficient to pay all the claims proved against it and the expenses of administration.

Upon these affidavits, which were the only showing made, the District Court overruled the motion. The defendant excepted and appeals.

*Charles Rich*, for the appellant.

No appearance for the appellee.

COLE, J. — The motion in this case is grounded upon the Revision, "Sec. 3540 (1992). If, by the decision of the Supreme Court, the appellant becomes entitled to a restoration of any part of the money or property that was taken from him by means of such judgment or order, either the Supreme or District Court may direct execution or writ of restitution to issue, for the purpose of restoring to such appellant his property or value thereof."

This section was designed to afford a cumulative and summary remedy, as against his adversary, to a successful appellant who had been either unwilling or unable to execute the necessary supersedeas bond for the stay of proceedings upon the judgment or order appealed from. Where the property, taken by means of the judgment, and of which restoration is sought, has, by voluntary sale, or by seizure and sale under process, against the successful party, or otherwise, passed to an innocent purchaser; or, where the money so taken was recovered and held in a fiduciary capacity, and in the proper and *bona fide* discharge of such fiduciary duty, pursuant to an order of court, has been paid over to another, the summary remedy designed by this section cannot properly be administered. In such cases the party must be limited to his remedy

by that proceeding wherein he can have all necessary parties brought before the court, and the rights of all adequately protected, while the full measure of relief is granted him. *Polk County* v. *Sypher*, 17 Iowa, 358. Without prejudice to defendant's rights in such proceeding, the judgment of the District Court is

Affirmed.