# Phillips *v.* Benson.

*Bill in Equity to set aside Sale of Lands by Register, and cancel Conveyance to Purchaser.*

1. *Sale of lands by register; remedy to set aside.*—A sale of lands by the register is, until confirmed, under the control of the court, and may be set aside on motion, or objection to its confirmation; but an original bill to set it aside will not be entertained before it has been confirmed.

2. *Same; reversal of decree, as ground of setting aside.*—When a stranger purchases at a sale of lands by the register, the subsequent reversal of the decree does not affect his title, unless the decree is void; but, when the plaintiff himself, or his attorney, becomes the purchaser, a different rule prevails; and an assignee of the plaintiff, in such case, acquires only his defeasible title.

3. *Same; when set aside by bill.*—When the plaintiff's attorney becomes the purchaser at the register's sale, but transfers his bid, at an advanced price, to a third person, to whom the register executes a conveyance; these facts resting on extrinsic proof, and constituting a constructive fraud, there is no adequate remedy at law, and the remedy to set aside the sale is by bill in equity.

APPEAL from the Chancery Court of Elmore.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by Mrs. Sarah A. Phillips,

[Phillips v. Benson.]

individually and as executrix of the last will and testament of her deceased husband, James D. Phillips, against John Benson, Samuel G. Adams, and L. E. Parsons, jr.; and sought to set aside a sale of a tract of land by the register, and a conveyance executed by him to said Benson as the purchaser. The sale was made on the first Monday in August, 1884, under a decree rendered on the 10th April, 1884, in a cause then pending in said court, wherein said Samuel G. Adams was the complainant, and Mrs. Phillips, individually and as executrix, was the defendant. That decree was reversed by this court on appeal, on the 8th July, 1885, and a decree was rendered dismissing the bill.—*Phillips v. Adams*, 78 Ala. 225. The record does not show when the bill was filed, but demurrers to it were filed on the 5th March, 1886. The register reported the sale to the court, stating that Benson was the purchaser at the price of $500, and had complied with the terms of sale, and that he had executed a conveyance to him as the purchaser. The bill alleged that Parsons was the solicitor for the complainant in that suit, and was to have an interest in the recovery for his services; that Parsons bid off the land at the register's sale, at the price of $500, and the register executed a conveyance to him as the purchaser, which was deposited in bank for him; that Parsons sold the land to Benson a day or two afterwards, at the price of $600, which was paid to him; that Parsons induced the register to destroy the deed executed to him as the purchaser, and to execute another deed to Benson, reciting $500 as the amount of the bid or price; that Benson aided him in this attempt to defraud the complainant, each of them having notice of the pendency of the appeal; and that Parsons paid only the costs of court to the register, and a part of the residue to Mrs. Adams. It was alleged, also, that the complainant did not discover these facts, until October, 1885. There was no averment that the sale had ever been confirmed.

The chancellor sustained a demurrer to the bill, on the grounds (with others), that the proper remedy was by motion to set aside the sale, if voidable, and that the complainant had an adequate remedy by action at law; but granted the complainant leave to amend. The decree sustaining the demurrers is now assigned as error.

Jno. A. Terrell, for the appellant.

Watts & Son, and L. E. Parsons, Jr., *contra*.

[Phillips v. Benson.]

SOMERVILLE, J.—The necessary inference to be drawn from the facts stated in the bill is, that the sale, which is sought to be impeached in this suit, was never confirmed by the chancellor. If this be true, as we must assume in passing on the demurrer to the bill, the remedy of the complainant was not by original bill, but by entering objection in the Chancery Court to the confirmation of the sale, or, what is its equivalent, by motion to set it aside. Until confirmation of a sale made by a register, under the direction of the Chancery Court, such sale is not complete, but the whole question of confirming or setting it aside, is "under the control of the court, which can exercise a sound discretion in regard to it, granting or withholding confirmation, as the rights and interests of the parties, and the ends of justice may require."—*Sayre v. Elyton Land Co.*, 73 Ala. 85, 96. The cause not having been finally decided, the complainant had an adequate remedy without resort to a new and original suit. For this reason, the decree of the chancellor sustaining the demurrer was free from error.

2. This is an appeal from an interlocutory decree, and, as this defect may possibly be remedied by amendment, we will proceed to pass on another question raised by the demurrer—and that is, whether, in other respects, upon the facts stated in the bill, the complainant had a plain and adequate remedy at law, conceding that the sale was confirmed by the Chancery Court.

There are several well settled principles in this connection, upon the proper application of which this question depends.

(1.) If the facts apparent on the face of the register's deed be true, and the purchase of the land was made by the appellee, Benson, he being a *stranger* to the judgment under which the sale was made, his title would be entirely unaffected by the subsequent reversal of such judgment on appeal to this court. The rule is, that a sale made under a judgment or decree, which is afterwards reversed for error, is not thereby avoided, where a stranger purchases at such sale, unless such judgment or decree under which it is made is void.—*Leslie v. Richardson*, 60 Ala. 563.

(2.) But a different rule prevails where the *plaintiff in the judgment* purchases; a subsequent reversal, in such case, being held to vacate and avoid his title acquired at such sale.—*McDonald v. Mobile Life Ins. Co.*, 65 Ala. 358, and cases cited; Rorer on Judicial Sales, §§ 63-68, 138, 139.

(3.) And where the *attorney of the plaintiff* purchases, he is governed by the same rule that controls a purchase by the plaintiff himself. The title acquired by him is also va-

[Gilkey v. Pollock & Co.]

cated and avoided by a subsequent reversal of the judgment on appeal, the law imputing to him a knowledge of any defect in the legal proceedings taken under his direction, which would authorize such reversal. In other words, the attorney is in no better position than the plaintiff himself would be under like circumstances.—Freeman on Judg. (3d Ed.), § 484; Freeman on Exec. § 347 ; *Galpin v. Page,* 18 Wall. 350.

(4.) The settled rule in this State moreover is, that an assignee of such a title, acquired by purchase from a plaintiff, stands in the shoes of the plaintiff, and takes a defeasible title subject to avoidance on reversal, just as the plaintiff's title would have been had he not assigned it.—*Marks v. Cowles,* 61 Ala. 299.

3. This being the *status* of the law on this subject, it follows, that if the attorney of the plaintiff, as alleged in the bill, purchased the land for a certain price, and transferred his bid to the appellee Benson for an advanced price, the title acquired by Benson would be a voidable one, although not void by reason of the reversal on error of the judgment under which the sale was made. This can be made apparent only by proof of extrinsic facts, and it is this extraneous evidence alone which can authorize a court of chancery to vacate the sale, and cancel the deed which clouds the complainant's title. The collusion between the first purchaser and the vendee, which operates as a constructive fraud on the rights of the complainant, is itself a ground of equity jurisdiction. The remedy of complainant is not by ejectment at law in such a case. A court of equity alone can afford him adequate relief.—*Furniss v. Shipman,* 69 Ala. 555 ; *Lockett v. Hurt,* 57 Ala. 198 ; *Ray v. Womble,* 56 Ala. 32 ; 3 Pomeroy's Eq. Jur. § 1377 ; 1 Story's Eq. Jur. §§ 699–704.

Affirmed.