Sallie J. Garvin, et al. v. S. C. Watkins.—Syllabus.

----

## SALLIE J. GARVIN, ET AL., APPELLANTS, VS. S. C. WATKINS, APPELLEE.

1. An appeal in chancery proceedings can be taken from a final decree rendered upon a decree *pro confesso*, and upon such appeal the legality of all proceedings prior to the default is open for review, and the appellant can take advantage of any reversible error apparent upon such proceedings.

2. The proceedings in a chancery cause after a decree *pro confesso*

regularly entered are *ex parte*, and the party in default will not be entitled to notice of them; but while such proceedings are *ex parte*, the final decree in the cause must be proper and consequent upon the case made in the bill.

3. The separate statutory property of a married woman can be charged in equity with a demand for work done and material furnished on said property, whether in pursuance of her personal engagement, or on the contract of her husband who acts as her agent, with her knowledge or approval.

4. A purchase made by a stranger to the record in a chancery proceeding who has advanced his money at a public sale under a decree rendered by a court of competent jurisdiction, and who has accepted a deed upon confirmation of the sale, can not be avoided by a subsequent reversal of the decree for error, unless the decree be void.

5. W. filed a bill in chancery against Mrs. G. and husband to subject the separate statutory real estate of the wife to the payment of a demand for work and material furnished at the instance of the wife on her said property, and also for the payment of certain costs incurred in a suit at law; after a decree *pro confesso* a final decree was entered ordering the sale of the wife's said property to pay the demand for work and material, and also said costs; the wife's property was sold under this decree, and W., a stranger to the record, bought it at a public sale made by a commissioner; the purchase money was paid, the sale confirmed and a deed delivered to the purchaser before appeal taken: *Held*, Without deciding whether or not there was error in not sequestering the rents and profits of the wife's separate estate, instead of decreeing a sale of the *corpus*, that the court had jurisdiction, both of the subject-matter and of the parties, and that the sale of the property under the decree rendered before appeal taken, passed the title to the purchaser, and that it could not be affected even if the decree be reversed: *Held, further*, That the item of costs was not a proper allowance against the wife's property, and the decree should be modified to this extent.

Appeal from the Circuit Court for Orange county.

. The facts of the case are stated in the opinion of the court.

*E. K. Foster* for Appellants.

*A. M. Thrasher* for Appellee.

MABRY, J.:

The appellee, S. C. Watkins, filed a bill in equity in the Orange county Circuit Court on the 21st day of July, A. D. 1887, against appellants, Sallie J. Garvin and her husband, Wade Garvin. In this bill it is alleged that the appellee instituted a suit at law in the Circuit Court of Orange county against appellants to enforce a lien for work done and material furnished, and on the 5th day of April, A. D. 1886, obtained a judgment for one hundred and twenty-four dollars and sixty cents, and costs of suit; that execution was issued on said judgment, and levied on a house and lot in Sanford, Florida, and which was sold under said execution at sheriff's sale to W. L. Thrasher for the sum of one hundred and sixty dollars, and a deed executed to said purchaser conveying to him said house and lot; that afterwards said appellants, Sallie J. Garvin and Wade Garvin, filed a bill in chancery against appellee, Watkins, W. L. Thrasher, the purchaser at said sale, and the sheriff of Orange county, and alleged therein that

said Sallie J. Garvin at the time of the institution of the said suit at law, and the filing of said bill, was a married woman, and that said house and lot, to-wit: Lot 1, Block 11, Tier ''B,'' was the separate statutory property and estate of said Sallie J. Garvin, and not liable or subject for any debt or demand against her husband, and could not be sold under said execution; and the prayer of said bill is, that said judgment and execution at law, and all proceedings had under the same, be declared null and void, and that said sale be set aside, and that said W. L. Thrasher be ordered to reconvey said premises to Sallie J. Garvin, and upon his doing so, that the said sheriff refund to him the purchase money paid by him for said house and lot.

Appellee, Watkins, further alleges in his bill that by consent of counsel for all parties, the court decreed that the judgment rendered in said suit at law in favor of S. C. Watkins against Wade Garvin and Sallie J. Garvin, be annulled and set aside as to Sallie J. Garvin; that the execution issued thereon be quashed, and the said sale made thereunder be vacated and set aside. Further that said Thrasher reconvey said premises to said Sallie J. Garvin, and said sheriff refund to said Thrasher the purchase money he had paid on said purchase. That in said consent decree, however, it is adjudged that the said judgment at law in favor of S. C. Watkins shall stand confirmed as against the said Wade Garvin, and upon his failure to pay said amount

and interest thereon and all costs within ten days after the record of the decree, that execution issue for said amounts.

It is further alleged by appellee, Watkins, that said Thrasher reconveyed said house and lot to said Sallie J. Garvin, that said Wade Garvin failed and refused to pay said judgment, interest and costs ; that on the 1st day of February, 1887, execution issued on said judgment against Wade Garvin and was levied on certain personal property, which was claimed by said Sallie J. Garvin as her separate property, and on a trial in reference thereto her claim was sustained, and the sheriff of Orange county returned said execution with the endorsement that "search had been made and no property could be found upon which a levy could be made."

The bill further alleges that the demand sought to be enforced in said suit at law, and on which said judgment was obtained, was for work done and material furnished by appellee for the benefit of the separate statutory property of said Sallie J. Garvin in building her dwelling house in the town of Sanford, Florida, on said lot one (1), block 11, tier "B," and which has been decreed to be the separate statutory property of said Sallie J. Garvin ; and further, that the contract or agreement under which said work was done and material was furnished was made by said Wade Garvin as agent for his wife, the said Sallie J.

Garvin, and with her knowledge, approval and consent. Further, that said Sallie J. Garvin has a large and valuable separate statutory property, consisting of said dwelling house on which said work was done, and for the construction of which said material was furnished on the said lot, and another house on said lot from which large rents are received, and also valuable personal property.

The prayer of the bill is for process, and that by decree of the court the appellants be ordered to pay the sum of money due as aforesaid, with interest thereon and costs, to appellee on or before a short day to be therein named, and in default thereof that said statutory property of the said Sallie J. Garvin, or so much thereof as may be sufficient to pay such debt, be sold by a master of the court and the proceeds applied to the payment of appellee's said claim, or that a receiver be appointed to take charge of the said separate statutory property of said Sallie J. Garvin, or so much thereof as may be deemed sufficient, and out of the rents and profits arising therefrom, to pay the said demand of appellee, and all costs, including about twenty dollars incurred by appellee in and about the levy of the execution and the trial of the claim interposed by said Sallie J. Garvin ; and that appellee have such other and further relief in the premises as equity may require and shall seem meet.

Upon the filling of the foregoing bill, supbœna

was regularly issued, returnable on rule day in August, A. D. 1887, and the same was served on both defendants, Wade Garvin and Sallie J. Garvin. An appearance was entered for said defendants on rule day in August, A. D. 1887; and in default of plea, answer or demurrer, a decree *pro confesso* was entered against said defendants on the 5th—the same being rule day— of September, A. D., 1887. At a subsequent date, on application of the solicitor for appellee, an examiner was appointed and testimony taken *ex parte*, for the complainant below, appellee here. On the report of the testimony taken by the examiner, a final decree was rendered on the 24th day of January, 1888, as follows: viz: "This day this cause came on to be heard on the bill and testimony, and upon consideration thereof it is ordered, adjudged and decreed that the complainant, S. C. Watkins, do have and recover of and from the respondents, Sallie J. Garvin and Wade Garvin, the sum of one hundred and twenty-four and 60-100 dollars, with interest thereon from the 5th day of April, 1886, and thirty-two and 24-100 dollars for costs expended by complainant, and the costs of this proceeding, including a fee of fifteen dollars for the examiner for taking the testimony in this cause. And it appearing to the court that said sum of one hundred and twenty-four and 60-100 dollars is due for labor done and material furnished for the benefit of the separate property of the defendant, Sallie J. Garvin, in default of the payment of said sums of money on or before the 25th day of February, 1888, it is ordered, adjudged and decreed that the fol-

lowing described property, the separate statutory property of Sallie J. Garvin, be sold, and the proceeds of said sale applied to the payment of said sums of money, to-wit: Lot one, block eleven, tier "B," on the corner of Pine avenue and Ninth street, in the town of Sanford, in Orange county, Florida, and that Andrew Denham be, and he is hereby, appointed a special master to advertise and sell said land and the house thereon, according to law, and make report to this court of his actings and doings in the premises." In pursuance of this decree the said master advertised and sold at public outcry the real estate therein mentioned, to wit: "Lot one, block eleven, tier "B," on the corner of Pine avenue and Ninth street, in the town of Sanford, Florida, on the first Monday in April, A. D. 1888, to R. H. Whitner, for the sum of two hundred and twenty dollars, and upon the report thereof to the court this sale was confirmed on the 5th day of April, A. D., 1888. On a subsequent day, to-wit: The 14th day of May, A. D. 1888, R. H. Whitner, said purchaser, filed in the office of clerk of the circuit court aforesaid his petition for a writ of assistance, based upon the refusal of the said Sallie J. Garvin to surrender to him the possession of said property. The court upon consideration of this petition, after due notice, directed that a writ of assistance do issue to the sheriff of Orange county, commanding him to remove the said Sallie J. Garvin from the said premises, and to place the said petitioner, R. H. Whitner, in possession of the same on or before the 20th day of May, A. D. 1888, and thereupon on the

19th day of May, A. D. 1888, the said defendants, Wade Garvin and Sallie J. Garvin, entered an appeal from the final decree rendered on the 24th day of January, A. D. 1888, and the decree of April 5th, 1888, confirming the report of sale, to this court.

In the petition of appeal filed here, it is alleged that the court erred in granting the various decrees in said cause, both the interlocutory decree appointing an examiner, the final decree, the decree affirming sale, and in granting the writ of assistance.

As appears from the foregoing statement, after appearance, and upon a failure to plead, answer or demur, appellee's bill of complaint was taken as confessed on the 5th day of September, A. D. 1887, and no motion having been made to set aside the default within twenty days from that date, the decree became absolute under the rule, and the further proceedings in the cause, up to and including the final decree, were *ex parte*. Under our decisions it is settled that an appeal can be taken from a final decree rendered upon a decree *pro confesso* made absolute under the rule. Hart vs. Stribling, 21 Fla., 136, and authorities cited. Upon such appeal the legality of all the proceedings prior to the default is opened for review, and the appellant can take advantage of any reversible error apparent upon those proceedings. If such error prior to the default be discovered, the subsequent decrees and proceedings may be set aside; but if no such

error be found, the proceedings after default are *ex parte*, and the defendant in default will not be entitled to any notice of them. But while the proceedings subsequent to a decree *pro confesso* are *ex parte*, and the defendant is not entitled to notice of them, and has no right to object to their regularity, yet the final decree in the cause must be proper and consequent from the case made in the bill. Betton vs. Williams, 4 Fla., 11; Freeman vs. Timanus, 12 Fla., 393; Trustees I. I. Fund vs. J. P. & M. R. R. Co., 16 Fla., 708; Marks vs. Baker, 20 Fla., 920; Hart vs. Stribling, *supra*. The proceeding here is in chancery to subject the separate statutory property of a married woman to the payment of a demand for work and labor performed in the improvement of said property at her instance and procurement. The testimony taken *ex parte*, after the entry of the decree *pro confesso* shows that the sum of one hundred and twenty-four and 60-100 dollars, for which the judgment at law was rendered, was for work and material furnished by appellee in building a dwelling house for Sallie J. Garvin, on her separate property described in the bill, with her knowledge and at her instance. In the former opinion in this cause, filed prior to the granting of the rehearing, it was held that there was no error in the proceedings prior to the default, and that appellee was entitled, under the case made in his bill and sustained by the testimony taken *ex parte*, to a decree for the amount due for work and material furnished

in building said house, and costs in this proceeding up to the appeal. It was further held that the chancellor comitted an error in allowing as a proper charge against the married woman's property the sum of $32.24, costs in the suit at law, but as her separate property had been sold at a public sale by virtue of the decree of the chancellor to pay the said amount due for work and material, and said costs, and had been purchased by a stranger to the record, and the sale confirmed before any appeal taken, a reversal of the decree on appeal would not affect said sale. Counsel for appellants asked for a rehearing on the ground that the court overlooked in its opinion the fact that the contract alleged as imposing the liability in this case was entered into under the rights of married women under the Constitution of 1868, and the decree should have sequestered the rents and profits, and not ordered a sale of the married woman's property; and also that the judgment against the husband was obtained by suit commenced under the Constitution of 1868, and the releasing the wife by consent from the effects of that judgment must be taken with all its force under that Constitution, and no greater rights or remedies accrued to appellee by the adoption of the Constitution of 1885.

The court did not overlook the fact that the indebtedness sought to be enforced in this suit arose while the Constitution of 1868 was in force. The rehearing

was granted in order that a fuller discussion might be had by counsel on the power of the court to order a sale of the *corpus* of the estate, instead of sequestering the rents and profits thereof. It is contended for appellants on the rehearing that the wife's separate property cannot be sold under the Constitution of 1868 to pay her husband's debt. This is true unless she charges her separate property with an express lien in the manner provided by statute for the payment of such debt. Our judgment does not proceed upon the theory that the wife's property was sold to pay her husband's debt. The demand, so far as for work and material furnished is concerned, is a proper charge against her own property, arising out of a contract of herself in reference to it. The fact that the contract was made in the name of her husband, who acted for her, does not change the liability. It is alleged that the contract was made for her at her request, and the proof sustains this charge. Nor does a different result flow from setting the judgment at law aside as to the wife. This judgment was a nullity as to her, and it does not appear that it was set aside under any agreement that appellee would look alone to the husband. In the case referred to in the former opinion, of Smith vs. Poythess, 2 Fla., 92, the husband purchased supplies and improvements for the wife's separate property, and executed notes in his name for the amount due Judgment was obtained against him on the notes, and execution returned, no property found on which to

make a levy. After this a bill in equity was filed to subject the wife's separate real estate to pay the amount for which judgment had been obtained, and it was sustained. We have no hesitancy in holding, in the light of our decisions, that under the allegations of appellee's bill and the testimony before us, he is entitled to a decree for $124.60 and interest thereon from the 5th day of April, A. D. 1886, at the rate of eight *per cent. per annum*, and that the same is a charge on the separate property described in the bill, of Sallie J. Garvin. Smith vs. Poythress, *supra;* Merritt vs. Jenkins, 17 Fla., 593; Blumer vs. Pollak & Co., 18 Fla., 707; Thrasher vs. Doig & Geiger, *Ibid*, 809; Harwood vs. Root, 20 Fla., 940; Schnabel vs. Betts, 23 Fla., 178; O'Neil vs. Percival, 25 Fla., 118. We think the item of thirty-two and 24-100 dollars, costs in the law proceeding, should not have been allowed by the court as a charge against the wife's property, and that the decree *pro confesso* will not prevent her from taking advantage of this error on appeal. The appellee was entitled to such final decree as his bill justified. He can only charge the wife's property with such demands as the law allows her to impose upon it, and this cost item was not contracted on the credit of her property, or for its benefit, and, as appears from the bill itself, is not a proper charge against it. The decree of the court was for the sale of the property, and not for the sequestration of its rents and profits. The wife's property was sold under this

decree before any appeal was taken, and a stranger to the record bought it. The purchase money was paid, the sale confirmed and the purchaser received a deed. The appeal was then entered from the final decree ordering the sale, and also the decree confirming the sale, and the purchaser, by agreement, is a party to this appeal. The questions thus presented extend beyond the propriety, or the proper exercise of discretion, on the part of the court in decreeing a sale of the property, instead of ordering a sequestration of its rents and profits. The question in reference to the purchase involves the power and jurisdiction of the court to order the sale, for we think the authorities sustain the rule that a purchase made by a stranger to the record who has advanced his money at a public sale under a decree rendered by a court of competent jurisdiction, and who has accepted a deed, can not be avoided even by a subsequent reversal of the decree for error, unless it be void. The rule at law is well established that the title of a purchaser at execution sale under process issued from a court of general jurisdiction is not affected by a subsequent reversal of the judgment from which the execution eminated. This was decided in Ponder vs. Mosely, 2 Fla., 207, and abundant authority sustains it. In Jesup vs. City Bank of Racine, 15 Wis., 604, it was held that where a sale was allowed to take place upon a decree, without any steps taken to stay proceedings, the title of a stranger who purchases and advances his money will not be divested by a subsequent reversal of the decree. It is said in this case that some authori-

ties make a distinction between cases where the purchase is by a stranger, and those where a party to the record buys, holding that a subsequent reversal will not avoid the former, but will the latter. A similar distinction also seems to be made between cases where the sale rests wholly on the decree, such as private commissioner's sales, and those where the purchase is made at a public judicial sale under a decree. The former will be avoided by reversal, while the latter will not. Debell vs. Foxworthy's Heirs, 9 B. Mon., 228; Clark's Heirs vs. Farrow, 10 B. Mon., 446. Here we have a sale made by a master in chancery at public outcry under a decree and a completed purchase by a stranger to the record before any appeal taken. This purchase can not be avoided by any mere errors or irregularities in the decree not extending to the power of the court to render it. Rorer on Judicial Sales, section 138; Lesslie vs. Richardson, 60 Ala., 563; Phillips vs. Benson, 82 Ala., 500, 2 South. Rep., 93; Hammond vs. Winchester, 82 Ala., 470, 2 South. Rep., 892; Gray vs. Brignardello, 1 Wallace, 627. Did the court have jurisdiction to render the decree for the sale of the wife's property? The bill shows that the separate property of Sallie J. Garvin was at the time yielding a valuable rental, and that she owned personal property. If the case was before us, relieved from the effects of the sale under the decree, we do not intimate that it would not be reversed for error. Our enquiry, however, now is to ascertain if the court had the power to order the sale of the property. Counsel refer to the case of Harwood vs. Root et ux., 20 Fla.,

940, as authority for his position, that the married woman's property cannot be sold, but its rents and profits must be sequestered. In that case the demand sought to be charged on the wife's property was for the purchase money of personal property sold to the wife on the credit of her estate. The language used in the opinion is: "The rule prevailing in a court of equity, however, in a case such as this, is to sequester the rents and profits of the property, rather than to sell the corpus, or body, of the estate. This is the rule which would prevail in equity as to an estate with limitations like those contained in our statute, and we cannot conclude otherwise than that it should prevail here." The authority referred to on this point is the case of North American Coal Co. vs. Dyett, 7 Paige, 9. In that case the property was vested in a trustee for the benefit of the wife for life, with remainder to her children, and it was held that she could not, without the assent of the trustee, contract any debt which would be a charge upon the remainder to the children, even for expenditures which are beneficial to the whole estate. It was further held in the same case that the separate estate of a *feme covert* is in equity chargeable with her debts contracted upon the credit of that estate, to the same extent that the estate of a *feme sole* is chargeable with her debts by the common law. The decision in Harwood vs. Root *et ux.*, *supra*, was rendered on demurrer to the bill before any decree had been entered for a sale of the wife's property, and the point we are now considering was not presented to the court. In O'Neil vs. Percival *et al.* 25 Fla., 118, where the de-

mand brought forward as a charge on the wife's separate property was for material furnished in the construction of improvements thereon, similar in this respect to the case now before us, it was said by the court: "Without meaning to admit that the *corpus* of the estate of a married woman cannot be sold for the payment of a debt of this character, we think that in this case the rents and profits of the property should be subjected to its payment." In Kelly on Contracts of Married Women, page 280, it is said: "In those States which hold that lands are chattels for the payment of debts, and subject to execution, and in those States which confer upon her by statute, the general power to hold property and contract as if *sui juris,* there can be no doubt but that the *corpus* can be taken; but in those States where these do not exist, and the statute merely invests her with the legal title, instead of permitting the property to pass to the husband under the common law, the decisions are not harmonious." On the one hand it is asserted that the *corpus* of her real estate is not liable for her debts ; on the other hand it is maintained that the *corpus* is liable when she holds the estate to her separate use, as she does under the statute, for the reason that if she is allowed to contract indebtedness with respect to her separate property, it should be held liable to the extent of her interest, whether that be the *corpus* or the income, unless otherwise provided by statute. This author says (page 281) that between these two positions, the latter is the best. It is settled by our decisions that the wife, possessed of separate statutory

property, can contract indebtedness for improvements on the same, or charge it with a demand, where the debt is created on the credit of her estate. In Whitesides vs. Cannon, *et ux.*, 23 Mo., 457, the decision was that the separate real estate of the wife could not be sold to pay a debt contracted by her on the credit of her separate estate. Phillips vs. Graves *et ux.*, 20 Ohio St., 371, holds that a married woman possessed of a separate estate may charge it with her debts to the extent that the same were incurred for the benefit of it, or for her own benefit, when credit was given on the faith of her separate property. In this case it was said that the order in which the court will enforce the payment of such charges against the wife's separate property is, first, by appropriating the personal property; second, by sequestering the rents and profits of the realty ; and, third, by a sale of the realty, when the same is necessary. A sale of the wife's separate property was allowed in the case of Yale vs. Dederer, 21 Barb., 286. This case seems to have been thoroughly considered, and has received the approval of our predecessors. Blumer vs. Pollak & Co., *supra ;* Staley vs. Hamilton *et ux.*, 19 Fla., 275. See also Withers vs. Sparrow, 66 N. C., 129.

As before remarked, we are only concerned now about the jurisdiction of the court to render a decree for the sale of the wife's property, and not so much to ascertain if there were reversible error in doing so. Our conclusion is, that the court had jurisdiction both of the subject matter and the parties, and that the sale of the property under the decree rendered, before any

appeal taken, passed the title to the purchaser, and that it cannot be affected now, even if we were to reverse the decree.

The item of cost was improper, and we will modify the decree to this extent. It is, therefore, ordered that the decree of the chancellor for $124.60, with interest at the rate of eight *per cent. per annum* from the fifth day of April, A. D. 1886, and the costs of this proceeding up to the appeal, be affirmed ; and it is further ordered that appellee pay the costs of this appeal, and appellants pay the costs of the rehearing.