LEONORA T. SIMMS, J. W. DUKES AND L. WALTER DUKES APPELLANTS, v. THE CITY OF TAMPA, CHARLES WRIGHT AND THE JETTON-DEKLE LUMBER COMPANY, A CORPORATION, APPELLEES.

REAL ESTATE—WRIT OF RESTITUTION—SUMMARY GRANT OF, ONLY MADE AGAINST PARTIES TO THE RECORD OR THEIR PRIVIES.

1.  It is well settled that restitution of possession of real estate, on reversal of a judgment affecting it, can be compelled only from parties to the record, or from their beneficial assignees, or, in case of the death of the execution plaintiff, from his executor or administrator. Restitution cannot be compelled from third persons, strangers to the record, who were *bona fide* purchasers at a sale under process dependent upon a judgment subsequently reversed, or who acquired *bona fide* collateral rights thereunder, and their rights are in no way affected by the subsequent reversal of the judgment.

2.  Particularly should restitution be denied as against a stran-

ger to the record when sought in a summary manner by motion, rule or petition.

This case was decided by Division B.

Appeal from the Circuit Court for Hillsborough County.

## STATEMENT.

The municipality of the city of Tampa on August 12th, 1903, filed its bill in the Circuit Court of Hillsborough county in equity against the appellants and one F. Rumeli to enforce and foreclose various liens that it held or claimed upon a certain lot of land located in said city of Tampa for city taxes assessed against said lot. This proceeding resulted in a decree in favor of the city in which a master was appointed and authorized to sell the lot at public sale for the collection of the amount adjudged to be due thereon, for such taxes, and to report his doings in the premises to the court. The ordered sale was made by the master and reported to the court, and was confirmed and a deed ordered to be made to the purchaser. This purchaser was the appellee herein, Charles Wright, who was a stranger to the proceedings under which the sale was made. Upon receiving his deed to the premises from the master Charles Wright was voluntarily let into possession of the premises by the appellants herein and thereupon sold and conveyed the lot to the appellee the Jetton-Dekle Lumber Company and put them in full possession thereof. In the meantime the appellants herein and their co-defendant F. Rumeli took their appeal to this court from the decree ordering the sale, but without supersedeas of said decree. This court, at its June term, 1904, reversed

said decree upon the ground that the defendant therein F. Rumeli had not been properly served with process either actually or constructively. Rumeli v. City of Tampa, 48 Fla. 112, 37 South. Rep. 563. Upon the transmission of the mandate from this court, the appellants herein filed their *petition* in the said cause theretofore pending against them in the Circuit Court of Hillsborough county, wherein they set forth in substance the foregoing facts, and expressed their readiness and willingness to pay the amount adjudged against said lot of land for taxes thereon less the amount of the *rents* and *profits* thereof, and prayed that the appellees Charles Wright and the Jetton-Dekle Lumber Company might be required to restore to them the possession of the said lot of land, and to account for the rents and profits received by them therefrom. This petition prayed no sort of process to bring the new parties, Charles Wright and the Jetton-Dekle Lumber Company, before the court, and no process of any kind seems from the record to have been issued or served upon them. The Jetton-Dekle Lumber Company filed its protest against the assumption of jurisdiction over it by the court in such proceeding upon the grounds, in substance, (1) that it is not and never was a party to the cause in which said petition was filed, or in anywise connected therewith. (2) That upon the facts stated in said petition the petitioners are not entitled to the order for restitution prayed for as against it. (3) That a writ of restitution cannot issue as against it in such a proceeding. (4) That the remedy against this respondent, upon the facts set forth in said petition, is an action of ejectment where it will have the right to a jury trial. (5) The said petition shows that respondent is in possession of the premises by purchase and conveyance from a stranger to said suit, and that it is en-

titled to, and demands a jury trial of its rights in the premises. (6) That under the Constitution of the United States of America it cannot be deprived of its property without due process of law. On February 17th, 1906, the judge made the following order or decree upon the said petition and protest thereto: "This cause coming in for a hearing on the petition, protest and answer of defendants, and the court having considered that the question of title to the land in controversy as well as that of mesne profits should not be adjudicated in such a summary proceeding, it is ordered and decreed that the petition for a writ of restitution and for rents and profits of the realty be, and the same is hereby denied, and the petition dismissed, without prejudice to the right of the petitioners to institute appropriate proceedings for the adjudication of their respective rights in the premises." From this order this appeal was taken, and the said order or decree is assigned as error.

*Solon B. Turman* and *F. M. Simonton*, for Appellants;

*Macfarlane & Glen* and *John P. Wall*, for Appellees.

TAYLOR, J. (*after stating the facts*): There was no error in the order made and questioned here. It is well settled that restitution, on reversal of a judgment, can be compelled only from parties to the record, or from their beneficial assignees, or, in case of the death of the execution plaintiff, from his executor or administrator. Restitution cannot be compelled from third persons, strangers to the record, who were *bona fide* purchasers at a sale under process dependent upon a judgment subsequently reversed, or who acquired *bona fide* collateral rights there-

under, and their rights are in no way affected by the subsequent reversal of the judgment. Particularly should restitution be denied as against a stranger to the record when sought in a summary manner by motion, rule or petition as was attempted in this case. Rex & Regina v. Leaver, 2 Salk. 587; Bank of United States v. Bank of Washington, 6 Pet. (U. S.) 8; Stroud v. Casey, 25 Tex. 740; 18 Ency. Pl. & Pr., 880; Griggs v. Detroit & Milwaukee Ry. Co., 10 Mich. 117; Livingston v. Freeland, 3 Barb. Chy. 510; Florida Central R. R. Co. v. Bisbee, 18 Fla. 60; Horton v. Wilde, 8 Gray (Mass.) 425; Hanschild v. Stafford, 27 Iowa 301; Field v. Maghee, 5 Paige Chy. 539; Garvin v. Watkins, 29 Fla. 151, 10 South. Rep. 818.

Charles Wright, the purchaser at the master's sale under the decree subsequently reversed, was a stranger to the record in the cause in which such decree was rendered, and he, for aught that is shown to the contrary in the record before the court, was a *bona fide* purchaser of the property sold under said decree. There was no supersedeas of such decree on the former appeal therefrom. His grantee, the Jetton-Dekle Lumber Company, was also a stranger to such record. Under these circumstances the court below made the proper order in denying and dismissing the petition for restitution. The order or decree of the court below appealed from herein is hereby affirmed at the costs of the appellants.

HOCKER and PARKHILL, JJ., concur.

COCKRELL and WHITFIELD, JJ., concur in the opinion.

SHACKLEFORD, C. J., disqualified, took no part.