253 So.2d 857 (1971)
Rufus C. SUNDIE, Petitioner,
v.
Ralph W. HAREN and Thelma G. Haren, His Wife, Respondents.
No. 39725.
Supreme Court of Florida.
September 8, 1971.
Rehearing Denied November 17, 1971.
James F. Pollack, Miami, for petitioner.
Bernard Berman, Miami, for respondents.
BOYD, Judge.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, reported at 233 So.2d 417. Our jurisdiction is based on conflict between the decision sought to be reviewed and the decision of this Court in Horn v. Horn.[1]
Petitioner Sundie was plaintiff in a mortgage foreclosure action, and defendants *858 Haren appealed but without posting a supersedeas bond. Prior to the filing of the appeal, the mortgaged property was sold pursuant to the summary final judgment of foreclosure. Thereafter, the District Court of Appeal reversed the granting of summary judgment holding that there was evidence the indebtedness was discharged in whole or in part by transfer of corporate stock to persons who were holders of the note and the mortgage before they were acquired by the plaintiff and that this was sufficient to preclude the grant of summary judgment.[2]
Following the reversal by the appellate court, the trial court tried the issue made by defendants' answer and found that defendants had failed to establish the defense of payment. The trial court entered final judgment for the plaintiff-mortgagee but did not set aside the sale pursuant to the summary judgment which had been reversed.
The defendants Haren, respondents herein, appealed from the second final judgment entered in favor of the plaintiffs on the grounds that the trial court should have ordered a second sale of the property so that they, the Harens, might exercise their right of redemption. The District Court in the decision herein sought to be reviewed, reversed and remanded, stating:[3]
"On this appeal the defendants urge that the final judgment should have ordered a sale of the property so that they might exercise their right of redemption. It is apparent that a sale pursuant to a judgment which has been reversed is not a valid sale. See Housing Authority of the City of Miami v. Macho, Fla.App. 1966, 184 So.2d 916."
In Horn v. Horn, the case cited for conflict, this Court held:[4]
"If appellant determines to appeal without posting a supersedeas bond, it is his privilege to do so; but, at the same time, the lower Court has the power to enforce such decree as has then been entered."
In Jerles Investment Co. v. Wells,[5] this Court stated:
"The purpose of supersedeas is to preserve the status of the res pending litigation in the appellate court."
The case of Housing Authority of City of Miami v. Macho,[6] relied on by the District Court in its opinion, involved an appeal by a public body of a political subdivision of the State. In appeals by the State and its political subdivisions, Rule 5.12, Florida Appellate Rules, 32 F.S.A., applies to dispense with the necessity of a supersedeas bond.
However, despite the misplaced reliance of the District Court on the Housing Authority case, supra, the correct result, requiring a new sale, was reached in the instant case. Further, no conflict is created with the statements of law appearing in the Horn and Wells cases, supra. A supersedeas bond in the instant case would have prevented sale of the property pending appeal, but even in the absence of a supersedeas bond, reversal of the summary final decree required, as between the parties to the suit, restoration of the original status. A party against whom an erroneous judgment has been made is entitled upon reversal to have his property restored to him by his adversary.[7]
These principles were weighed by this Court in Maxwell v. Jacksonville Loan & Improvement Co.[8] In that case, a mortgagor *859 appealed without posting supersedeas; the plaintiff in foreclosure bought the property at foreclosure sale and went into possession. Upon reversal of the foreclosure decree, the mortgagor was held entitled to restoration of the property and an accounting.[9]
It must be noted that the result in this case is limited to those situations in which the person required to make restitution was connected with the litigation. It is settled law that reversal of a decree on appeal does not affect the rights under that decree as to persons who were not parties to the appeal.[10] As to non-party persons, a purchase at an execution sale pursuant to a judgment afterwards reversed is final.
The rights of third parties or bona fide purchasers were weighed in Simms v. City of Tampa.[11] In that case, one Wright acquired property which had been purchased at a judicial sale to enforce municipal tax liens. This Court held that no restitution was required, stating:[12]
"It is well settled that restitution, on reversal of a judgment, can be compelled only from parties to the record, or from their beneficial assignees, or, in case of the death of the execution plaintiff, from his executor or administrator. Restitution cannot be compelled from third persons, strangers to the record, who were bona fide purchasers at a sale under process dependent upon a judgment subsequently reversed, or who acquired bona fide collateral rights thereunder, and their rights are in no way affected by the subsequent reversal of the judgment."
Also see Restatement of the Law, Restitution, § 74; "Restitution of Judgments Subsequently Reversed"; and Glenn on Mortgages, § 378, concerning the doctrine of innocent purchaser for value as applied to mortgage sales. We note that there is inherent in the settled law an assumption that notice of a pending appeal does not prevent a person otherwise a stranger from being a bona fide purchaser at a mortgage sale. We do not here examine the circumstances in which a judgment debtor may be held estopped or be deemed to have waived his right to restitution.
The petition for writ of certiorari reflected probable jurisdiction in this Court. We issued the writ and have heard argument of the parties. We have determined that the decision sub judice is not in conflict with Horn v. Horn, supra, and is substantially in harmony with Maxwell v. Jacksonville Loan & Improvement Co., supra. This Court therfore is without jurisdiction. The writ is hereby discharged and the petition for certiorari is dismissed.
It is so ordered.
CARLTON, ADKINS, and McCAIN, JJ., concur.
ROBERTS, C.J., and DREW (Retired), J., concur in judgment.
ERVIN, J., dissents.
NOTES
[1] 73 So.2d 905 (Fla. 1954).
[2] Haren v. Sundie, 219 So.2d 731 (Fla.App. 3rd 1969).
[3] 233 So.2d 417, 418 (Fla.App.3rd 1970).
[4] 73 So.2d 905, 906 (Fla. 1954).
[5] 130 Fla. 136, 177 So. 313 (1938).
[6] 184 So.2d 916 (Fla.App.3rd 1966).
[7] Fla. East Coast Railway Co. v. State, 77 Fla. 571, 82 So. 136 (1919).
[8] 45 Fla. 468, 34 So. 255 (1903).
[9] Accord, Bridier v. Burns, Fla., 4 So.2d 853 (1941).
[10] Martin County v. Hansen, 111 Fla. 40, 149 So. 616 (1933); Florida Central Railroad Co. v. Bisbee, 18 Fla. 60 (1881).
[11] 52 Fla. 641, 42 So. 884 (1906).
[12] Simms v. City of Tampa, 52 Fla. 641, 643, 42 So. 884, 885 (1906).