399 So.2d 365 (1981)
AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, Appellant,
v.
WILLIAMS, SALOMON, KANNER & DAMIAN, As Trustee, Appellee.
No. 80-1415.
District Court of Appeal of Florida, Third District.
April 28, 1981.
Rehearing Denied June 25, 1981.
*366 Helliwell, Melrose & DeWolf and Robert J. Schaffer, Miami, for appellant.
Williams, Salomon, Kanner, Damian, Weissler & Brooks and Vincent E. Damian, Miami, for appellee.
Before DANIEL S. PEARSON and FERGUSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
FERGUSON, Judge.
This case was previously before the court on appeal from a final judgment in which the trial court ruled that the first and third mortgages of American Bankers Life Assurance Co. together constituted a first lien upon the subject property. We reversed, holding that the third mortgage could not be elevated to the same priority as the first mortgage and, accordingly, that the second mortgage acquired by Williams, Salomon, Kanner & Damian remained second in priority. We remanded for further proceedings. Williams, Salomon, Kanner & Damian v. American Bankers Life Assurance Company, 379 So.2d 119 (Fla. 3d DCA 1979).[1] Subsequent to the judgment of foreclosure, but prior to our decision, the property was sold to American Bankers at a foreclosure sale.[2] On remand the trial court entered a revised final judgment of foreclosure declaring the sale to American Bankers invalid, redetermining the priority of the three mortgages along with interests, costs, and attorney's fees,[3] and ordering a resale of the property.
American Bankers appeals from the revised final judgment and contends (1) this court did not intend to compel a resale of the property on remand, (2) resale is not a proper mode of restitution where the property has been conveyed to a nonparty before reversal of the foreclosure sale, (3) by failing to post a supersedeas bond, Williams waived and is estopped from asserting any right to restitution, and (4) the trial court erred in allowing American Bankers interest on its mortgages only up to the date of the first judgment of foreclosure. We affirm.
A sale of property pursuant to a judgment which has been reversed on appeal is not a valid sale as to parties to that appeal. Haren v. Sundie, 233 So.2d 417 (Fla. 3d DCA 1970), cert. dismissed, 253 So.2d 857 (Fla. 1971). When a foreclosure sale is set aside by an order of the court for any fatal irregularity, the title acquired by the purchaser is vacated. The law subrogates the purchaser at the void foreclosure sale to all the rights of the mortgagee in the indebtedness and the mortgage securing the payment of the same. Bridier v. Burns, 148 Fla. 587, 4 So.2d 853 (1941).
A party against whom an erroneous judgment has been made is entitled upon reversal to have his property restored to him by his adversary. Sundie, 253 So.2d 857, supra; Florida East Coast Railway Co. v. State, 77 Fla. 571, 82 So. 136 (Fla. 1919). Upon filing of the mandate of the reviewing *367 court, the trial court has authority to take such further proceedings as may be appropriate in order to arrive at another decree which will accord with the mandate of the reviewing court. Smith v. Smith, 118 So.2d 204 (Fla. 1960).
On the facts of this case a redetermination of the priority of mortgages without more would not have restored to Williams all his rights as holder of a second mortgage. American Bankers, as first mortgage holder, purchased the property at the foreclosure sale for $1,000.00, then sold it for $600,000.00 leaving for disbursement to Williams an amount substantially less than that of the second mortgage inclusive of interest. Restitution of Williams' rights was properly achieved by ordering resale of the property upon reversal of the foreclosure sale by the reviewing court. See Sundie, supra, 253 So.2d at 858.
It is no bar to restitution that American Bankers sold the property to another. American Bankers was a party to the prior litigation and as between it and Williams, resale is an appropriate remedy. Sundie, supra; Klinger v. Milton Holding Co., 136 Fla. 50, 186 So. 526 (1938); Simms v. City of Tampa, 52 Fla. 641, 42 So. 884 (Fla. 1906). Vega, a non-party purchaser, is not a party to this action and American Bankers may not assert the defenses of another for its own benefit. Klinger, supra.
Neither is the failure to post a supersedeas bond to stay the sale pending appellate review a bar to restitution. Even in the absence of a supersedeas bond, reversal of the judgment of foreclosure requires, as between the parties to the suit, restoration of the status quo. Sundie, supra.
The American Bankers' fourth point on this appeal is also without merit. American Bankers is not entitled to interest on its mortgage for the period following the foreclosure sale where they were purchasers. The beneficial use of the land plus interest on the note for which the land was pledged as security would work an inequity; it would be a windfall to appellants, to the potential detriment of Williams as junior mortgagees.
We find that the trial court correctly followed the directions of this court on remand. The established procedures require a new sale with appellees having a right to exercise their right of redemption in light of the newly determined priority of mortgages. Sundie, supra.
Affirmed.
NOTES
[1] Additional pertinent facts are clearly set out by Judge Chappell in that opinion.
[2] The date of the foreclosure sale was December 6, 1978. On that same date Williams filed a notice of appeal of the judgment. On June 21, 1979, American Bankers sold the property and conveyed title by warranty deed to Manuel A. Vega who had notice of the appeal. Vega, apparently conveyed the property during the pendency of the first appeal.
[3] The amounts due on the three mortgages as of June 27, 1980 inclusive of principal, interests, and costs as determined by the trial court totaled $886,383.80  appellant's first mortgage, $545,432.52, appellee's second mortgage, $93,007.49, appellant's third mortgage, $27,943.79.