CASANUEVA, Chief Judge.
 

 Pursuant to a final judgment of foreclosure, the Clerk of Court for Polk County held a foreclosure sale at which Appellant Jose Edilberto Palacios was the successful bidder. After this sale, the circuit court substantially modified the final judgment of foreclosure by reducing the amount the foreclosing first mortgagee, Appellee Florida Funding Trust, was owed on its first mortgage. When the circuit court refused to set aside the sale on Mr. Palacios’ motion to vacate it, he appealed. We reverse.
 

 Background Facts
 

 The facts of this case are undisputed, and only Mr. Palacios and the second mortgagee, Appellee Wachovia Bank, N.A., are interested parties in this appellate proceeding. On April 15, 2008, the circuit court entered a final summary judgment of foreclosure in favor of Florida Funding for $60,136.09. On May 9, 2008, the Clerk conducted the foreclosure sale, at which Mr. Palacios and Florida Funding were the only bidders. Florida Funding bid $40,000 and Mr. Palacios ultimately prevailed with a bid of $41,000. Shortly thereafter, Mr. Palacios moved to release his money from the Clerk because he discovered that there was a second mortgage on the property. Then, on May 19, 2008, Wachovia moved to set aside the foreclosure judgment and the sale, claiming that it had not been properly served in the initial proceedings and that there were substantial unexplained irregularities in the final judgment concerning the proper amount owed to Florida Funding. At the hearing on Wachovia’s motion, the circuit court determined that, instead of more than sixty thousand dollars, Florida Funding was owed in total only $16,427.28 on its first mortgage because its contract did not properly secure future advances on the mortgage. The circuit court denied Wa-chovia’s motion to set aside the final judgment of foreclosure and sale and instead merely modified the final judgment to reflect the newly corrected amount owed to Florida Funding. This postsale modification left over twenty-four thousand dollars in excess of the first mortgage to satisfy junior lien holders like Wachovia. The circuit court also retained jurisdiction to later consider Mr. Palacios’ pending motion to return his money.
 

 Mr. Palacios then amended his pending motion to change tack,
 
 [1]
 
 claiming that the
 
 *169
 
 amended final judgment of foreclosure and foreclosure sale should be vacated because the judgment was substantially modified after the sale was held. He cited section 45.081, Florida Statutes (2007), which states that a judicial sale will be held no sooner than twenty days after entry of the final judgment. His motion argued that allowing the sale to stand when such a substantial change was made to the final judgment would defeat the intent of the statute and result in a fraud on and injustice to the third-party bidder who has a right to rely on the affidavits and judgments filed prior to a sale. The circuit court heard argument on this motion from Mr. Palacios and Wachovia at a hearing but denied the motion. The circuit court reasoned that there were no known irregularities before the sale, distinguishing
 
 601 West 26 Corp. v. Equity Capital Co.,
 
 174 So.2d 626 (Fla. 3d DCA 1965), on this point. Further, because the amended final judgment decreased rather than increased the amount due, the circuit court concluded that the third-party bidder was neither disadvantaged at the time of the sale nor thereafter. We do not agree.
 

 Analysis
 

 Wachovia adopts the circuit court’s reasoning on appeal, emphasizing that because there were no irregularities noted before the sale, all requirements of the statute were complied with. This is true but misses the point. The statutory notice requirements are meant to ensure that the public, i.e., a potential third-party bidder like Mr. Palacios, is adequately on notice in order to determine his fair market bidding price at the foreclosure sale. Mr. Palacios was prejudiced here by the faulty original foreclosure judgment because it misled him as to the property’s foreclosure market value. Had the correct amount due to Florida Funding under its first mortgage — approximately $16,427 — been known and set forth in the final judgment of foreclosure at the time of the sale, Mr. Palacios would not have been required to outbid Florida Funding’s interest by offering $41,000; a bid of slightly more than $16,427 would have sufficed. At that point, a junior lienor would have been required to bid more or lose its interest in the foreclosed property. Thus, Wachovia, which had a position subordinate to Florida Funding in the foreclosure sale process, would have been required to bid higher or lose the property. Depending on what a junior lien holder would have done at the sale, Mr. Palacios could have bid higher— or not — depending on his evaluation of his particular circumstances. He may not have had to bid much more than $16,000 to acquire the property.
 

 To conduct a fair foreclosure sale, the correct amount needed to pay off the foreclosing first mortgagee must be known to all potential bidders, be they outsiders like Mr. Palacios or junior lien holders like Wachovia. This is so each bidder can assess the situation corresponding to that bidder’s individual circumstance and decide what the bidder is -willing to pay to protect that bidder’s interest. When the true circumstances became known to the circuit court, it should have set aside the final judgment of foreclosure and the sale. Instead, the process the circuit court utilized conferred a benefit to the subordinate lien holder, and a corresponding detriment to Mr. Palacios, by awarding Wachovia the amount remaining after satisfaction of the first mortgage, a benefit to which Wacho-via was not entitled by law.
 

 
 *170
 
 Wachovia cites
 
 Sundie v. Haren,
 
 253 So.2d 857 (Fla.1971), for the proposition that “[a]s to non-party persons, a purchase at an execution sale pursuant to a judgment afterwards reversed is final.”
 
 Id.
 
 at 859.
 
 Sundie
 
 is distinguishable in many respects, not least of which is that the third-party bidder there, unlike Mr. Palacios, was not contesting the final judgment of foreclosure or objecting to the sale. Moreover, the supreme court ultimately dismissed Mr. Sundie’s petition for certiorari, deciding it was without jurisdiction because there was no conflict between the decision on which he sought review,
 
 Haren v. Sundie,
 
 233 So.2d 417 (Fla. 3d DCA 1970), and
 
 Horn v. Horn,
 
 73 So.2d 905 (Fla.1954). This result left standing the Third District’s decision to reverse and remand to the circuit court with directions to enter a final judgment of foreclosure and proceed with a new foreclosure sale.
 

 Most telling of all is the supreme court’s warning that the result in
 
 Sundie
 
 “is limited to those situations in which the person required to make restitution was connected with the litigation. It is settled law that reversal of a decree on appeal does not affect the rights under that decree as to persons who were not parties to the appeal.” 253 So.2d at 859. Thus, the supreme court’s dictum in
 
 Sundie
 
 regarding non-party persons is not controlling here.
 

 It is the Third District’s opinion in
 
 Sun-die
 
 that is more persuasive here. In its decision, the Third District had stated: “[T]he [foreclosed mortgagors] urge that the final judgment should have ordered a sale of the property so that they might exercise their right of redemption.
 
 It is apparent that a sale pursuant to a judgment which has been reversed is not a valid sale.”
 
 233 So.2d at 418 (emphasis added). Thus, although the final judgment of foreclosure sale in Mr. Palacios’ case was not technically reversed on appeal, the circuit court in fact reversed itself when it modified the final judgment by modifying it from $60,136.09 to $16,427.28.
 

 Conclusion
 

 “Whether the complaining party has made the showing necessary to set aside a [foreclosure] sale is a discretionary decision by the trial court, which may be reversed only when the court has grossly abused its discretion.”
 
 Ingorvaia v. Horton,
 
 816 So.2d 1256, 1259 (Fla. 2d DCA 2002) (quoting
 
 United Cos. Lending Corp. v. Abercrombie,
 
 713 So.2d 1017, 1018 (Fla. 2d DCA 1998)). We conclude that the circuit court grossly abused its discretion in declining to vacate the foreclosure sale when the final judgment of foreclosure was substantially modified after the sale. Mr. Palacios made the necessary showing to set aside the sale and his motion to vacate the sale should have been granted.
 

 Reversed and remanded with directions to vacate the sale and proceed thereon in accordance with established procedure based on the amended final summary judgment of foreclosure filed July 1, 2008, that awarded $16,427.28 to Florida Funding.
 

 KELLY and CRENSHAW, JJ., Concur.
 

 [1]
 

 . Mr. Palacios’ original pleading was an unti-tied pro se "petition” to release purchase
 
 *169
 
 money; it was renamed to “supplemental/amended motion to vacate sale,” filed by newly retained counsel.