# McGaugh *v.* Deposit Bank of Frankfort.

*Bill in Equity to redeem from under Mortgage.*

1. *Judgment satisfaction by purchase at sale under execution, necessary for sale to be confirmed.*—The complainant in execution who becomes the purchaser of lands sold under said execution, at his instance, satisfies the judgment in whole or in part, to the extent of amount of his bid; but if such execution is issued out of the chancery court, and the sale is not reported to and confirmed by the court, such purchase does not amount to the satisfaction of the judgment.

APPEAL from the Chancery Court of Lowndes.

Tried before the Hon. W. L. PARKS.

The bill in this case was filed by the appellee, the Deposit Bank of Frankfort, a corporation of the State of Kentucky, against the appellant, W. P. McGaugh.

On the 18th of August, 1898, the complainant, which will be referred to as The Bank, obtained a judgment in the Circuit Court of Lowndes county for $1,086.12, against A. E. Caffee, besides costs of suit.

After said judgment was obtained, The Bank filed its bill in the Chancery Court of Lowndes for the purpose of having declared fraudulent and void certain conveyances by A. E. Caffee to his wife, Annie E. Caffee, of land lying in Lowndes county, containing 1,536 acres, and a certain described tract of land lying and being in Perry county, Alabama, referred to as the Graham place. This case having been decided adversely to The Bank in said chancery court, was appealed by it to the Supreme Court of the State, and on the 15th of December, 1902, a decree was rendered by the Supreme Court,

reversing the decree of the said chancery court, and decreeing that said conveyance by said Caffee to his wife was fraudulent and void against his creditors, and also decreeing that said lands be sold for the satisfaction of The Bank's judgment against said A. E. Caffee, which was ascertained to be, at the time, the sum of $1,462.16.

It is averred that, on, to-wit, the 29th of April, 1895, the said A. E. Caffee, together with his said wife, executed to J. L. Hinson a mortgage to secure the payment of $475.00, due on the 1st of November, 1895, with interest from date, on the said lands in Lowndes county, which said Caffee had conveyed to his said wife, and which conveyance had been declared fraudulent and void as to his creditors; that said Hinson died and his estate was removed into the chancery court of said county of Lowndes for settlement, and one J. D. Reese was appointed by said court receiver of his estate, and as such receiver, in pursuance of the power of sale in said mortgage, the said Reese proceeded to foreclose said mortgage by a sale of the property therein described, on the 8th of April, 1901, at which sale, the defendant, W. P. McGaugh, became the purchaser at and for the sum of $512.18, and the said Reese, as such receiver, on the 29th of April, 1901, executed and delivered to said McGaugh a deed conveying to him all the right, title and interest of the said J. L. Hinson at the time of his death in and to said real estate which deed was duly recorded in the Lowndes probate office, on the day of its execution, and the purchaser was put in possession of the property.

It is further averred, that The Bank, on the 18th of March, 1903, through its attorney, offered to redeem said lands from said McGaugh, in a manner as required by statute in such cases, and tendered him a deed to be signed conveying to The Bank all the right, title and interest held and acquired by him at said sale in the foreclosure of said mortgage. It is not averred in the bill, that the lands ordered by the supreme court to be sold, for the satisfaction of the decree rendered in the cause, had ever been sold by the register of the court, as he was directed to do, nor is there anything averred touching the execution of said decree.

The bank submits itself to the jurisdiction of the court and offers to pay whatever amount it may be ascertained to be due to said McGaugh, for the purpose of redeeming said lands from him.

The defendant filed his plea to said bill of complaint, in which after stating the facts above set out, it is averred, "that after the said (Hinson) mortgage sale, the only interest which remained in the said A. E. Caffee and (his wife) Annie E. Caffee, in the said mortgaged lands was the right under the statute to redeem the same within two years after said 8th day of April, 1901; that after the rendition of the said decree in the Supreme Court of Alabama in the said bill of complaint mentioned, the register in chancery for said county of Lowndes, after due and proper advertisement, in accordance with law, offered for sale at public outcry for cash,   *   *   *   on the 23d of February, 1903, the interest of the said Caffee and Annie E. Caffee in the lands mentioned in the decree of the Supreme Court; *   *   *   *   that after applying thereto the sum realized from the sale of the lands situated in Perry county, there remains due to complainant on said decree rendered by the Supreme Court, the sum of, viz., $1488.78, including costs,   *   *   *   *   and complainant herein became the purchaser of the interest of said A. E. and Annie E. Caffee in the lands situated in the said county of Lowndes, at and for the sum of $1,600.00, and in order to pay its said bid, the complainant paid to the register the sum of $111.22, the same being the difference between its said bid of $1,600.00 and the amount due on its said decree, viz., $1,488.78, and the register executed and delivered and the complainant accepted the deed, a copy of which is her to attached marked exhibit A and made a part hereof. Wherefore, the defendant says that at the time of the alleged offer by the complainant to redeem said lands from the defendant, the said judgment and decree of the complainant upon which the complainant based its right to redeem said lands from the defendant had been fully paid and satisfied by the purchase by complainant at the sale aforesaid, of the interest of said A. E. and Annie E. Caffee in the lands,

and the complainant at the time of said offer to redeem had not, for the reason aforesaid, any right to redeem said lands from the defendant, and has not since said offer to redeem, acquired any such right." It is not averred in the plea that said sale was ever reported to and confirmed by the chancery court.

The cause was set down for hearing and submitted on the sufficiency of the plea. The chancellor held the plea to, be insufficient as a defense to the relief sought by complainant upon the bill filed. From this decree the defendant appeals and assigns the rendition thereof as error.

THOMAS H. WATTS, for appellant.—Cited *Loveless v. Webb*, 62 Ala. 271; *Lamkin v. Crawford*, 8 Ala. 156; *McCartey v. King*, 25 Ala. 682; *Goodbar v. Daniels*, 88 Ala. 539; *Greil v. Randolph*, 108 Ala. 601; *Turner v. Teague*, 73 Ala. 554; *Thomas v. Glazener*, 90 Ala. 537.

POWELL & HAMILTON, *contra.*—Cited Rorer on Judicial Sales, (2d ed.) §§ 1 and 29; *Hutton v. Williams*, 35 Ala. 503; *Ex parte Branch Co.*, 63 Ala. 386; *Cruikshank v. Luttrell*, 67 Ala. 318; *McEachen v. Warren*, 92 Ala. 554; *Mooney & Black v. Parker*, 18 Ala. 708; *Poe, Sheriff v. Dorrah*, 20 Ala. 291; *McGehee et al. v. Gewin*, 25 Ala. 186.

HARALSON, J.—It cannot be denied that after the foreclosure of the Hinson mortgage, there remained in the Caffees, the mortgagors, nothing but the statutory right of redemption. The equity of redemption had been cut off and forever foreclosed by the sale of the lands under the power contained in the mortgage.

The insistence of the appellant, the defendant below, is, that the purchase by the appellee, the complainant below, of the interest of Caffee and wife in these lands (although the appellee obtained nothing thereby), was a satisfaction of said decree in favor of the complainant Bank in said suit against said Caffees and, therefore, said Bank cannot redeem.

The rule of law, as settled by the decisions of this court is, that when a plaintiff in execution becomes the

purchaser of lands sold under it at his instance, the judgment is satisfied in whole or in part, to the amount of his bid; and in the absence of fraud, imposition or surprise, he cannot repudiate the purchase, nor resist an entry of satisfaction because the defendant in execution had no title or interest in the land.—*Thomas v. Glazener*, 90 Ala. 537; *Goodbar v. Daniel*, 88 Ala. 588; *Lindsey v. Cooper*, 94 Ala. 178; *Clemmons v. Cox*, 114 Ala. 355.

But, these decisions do not apply to this case. It is not averred in the plea that the sale of the property by the register was ever reported to or confirmed by the court. Until this was done, the sale was not complete. In *McEachin v. Warren*, 92 Ala. 554, it was held that a sale of the character of the one we consider, is not complete until confirmed by the court, and the officer's deed to the purchaser, without proof of the report and confirmation of the sale, confers no title on which he can maintain or defeat an action at law. It was then said: "The sale in this case was strictly a judicial sale, in which case 'the court is, in legal effect, the seller. Until confirmed by the court it is not complete, and confers no rights.'—*Bland v. Bowie*, 53 Ala. 152, 159; Freeman on Void Sales, § 43; 12 Am. & Eng. Ency. Law, 219. The alleged sale, as evidenced by the conveyance, was never confirmed by the court. It is not even shown to have been reported to the court." etc.

There never having been a valid sale of said lands, for the lack of report to and confirmation by the chancery court, without more, the judgment of the complainant against Caffee was not satisfied, but still remains of force, and as a judgment creditor, the complainant has the right to redeem.—Code, § 5510.

The court below held the plea to be insufficient as a defense to the relief sought, and its decree is affirmed.

Affirmed.

McCLELLAN, C. J., DOWDELL and DENSON, JJ., concurring.