# McGraugh v. Deposit Bank of Frankfort.

*Bill by Judgment Creditor to Redeem From Sale Under Foreclosure.*

(Decided April 20, 1906.   40 So. Rep. 984.

1. *Judgment Creditor; Redemption from Foreclosure under Mortgage.*—Where a judgment creditor purchased at sale by Register (which sale was never confirmed) debtor's statutory right to redeem from foreclosure under mortgage, the purchase did not operate as a satisfaction of the decree, and did not destroy the judgment creditor's right to redeem.

2. *Execution; Sale; Deed to Purchaser.*—Section 2917, Code of 1896, relating to the execution of deeds to purchasers at judicial sales, applies only to sales made by the sheriff.

APPEAL from Lowndes Chancery Court.
Heard before Hon. W. L. Parks.

The bill in this case was filed by the appellee, the Deposit Bank of Frankfort, a corporation of the state of

Kentucky, against the appellant, W. P. McGaugh.   On the 18th of August, 1898, the complainant, which will be referred to as the "Bank," obtained a judgment in the circuit court of Lowndes county for $1,068.21 against A. E. Caffee, besides costs of suit.   After said judgment was obtained the bank filed its bill in the chancery court of Lowndes for the purpose of having declared fraudulent and void certain conveyances by A. E. Caffee to his wife, Annie E. Caffee, of land lying in Lowndes county, containing 1,536 acres, and a certain described tract of land lying and being in Perry county, Ala., referred to as the "Graham Place."   This case, having been decided adversely to the bank in said chancery court, was appealed by it to the Supreme Court of the state, and on the 15th of December, 1902, a decree was rendered by the Supreme Court reversing the decree of the said chancery court, and decreeing that said conveyance by said Caffee to his wife was fraudulent and void against his creditors, and also decreeing that said lands be sold for the satisfaction of the bank's judgment against said A. E. Caffee, which was ascertained to be, at the time, the sum of $1,462.16. It is averred that on, to wit, the 26th of Aprli, 1895, said A. E. Caffee, together with his said wife, executed to J. L. Hinson a mortgage to secure the payment of $475 due on November 1, 1905, with interest from date on the said lands in Lowndes county, which Caffee had conveyed to his wife, and which conveyance had been declared fraudulent and void as to his creditors; that said Hinson died, and his estate was removed into the chancery court of said county of Lowndes for settlement, and one J. D. Reese was appointed by said court receiver of his estate, and as such receiver, in pursuance of the power of sale in said mortgage, the said Reese proceeded to foreclose said mortgage by a sale of the property therein described on April 8, 1901, at which sale the defendant, W. P. McGaugh, became the purchaser at and for the sum $512.18, and the said Reese, as such receiver, on April 29, 1901, executed and delivered to said McGaugh a deed conveying to him all the right, title, and interest of the said J. L. Hinson at the time of his death in and

to said real estate, which deed was duly recorded in the Lowndes county probate office on the day of its execution, and the purchaser was put in possession of the property. It is further averred that on the 18th day of March, 1902, the bank, through its attorney, offered to redeem said land from said McGaugh in a manner as required by statute in such cases, and tendered him a deed to sign conveying to the bank all the right, title, and interest held and acquired by him at said sale in the foreclosure of said mortgage. It is not averred in the bill that the lands ordered ·by the supreme court to be sold in satisfaction of the decree rendered in the cause had ever been sold by the register of the court, as he was directed to do, nor is there anything averred touching the execution of said decree. The bank submits itself to the jurisdiction of the court and offers to pay whatever amount it may ascertain to be due said McGaugh for the purpose of redeeming said land from him.

· The defendant filed a plea to said bill of complaint in which, after. stating the facts above set out, it is averred "that after the said Hinson mortgage sale the only interest which remained in said A. E. Caffee and his wife, Annie E. Caffee, in said mortgaged land was the right under the statute to redeem said land within two years after said 8th day of April, 1901; that after the rendition of said decree in the supreme court of Alabama in the said bill of complaint mentioned, the register in chancery for said county, after due and proper advertising in accordance with law; offered for sale at public outcry for cash * * * on February 23, 1903, the interest of said Caffee and wife in the lands mentioned in the decree of the supreme court; * * * that after applying thereto the sum ·realized from the sale of the lands situated in Perry county there remains due to complainant on said decree rendered by the supreme court of Alabama the sum of $1,488.78, including costs, * * * and complainant herein became the purchaser of the interest of said Caffee and wife in the lands situated in the county of Lowndes at and for

the sum of $1,600 and in order to pay said bid the complainant paid to the register the sum of $111.22, the same being the difference between its said bid of $1,600 and the amount due on said decree, namely, $1,488.78, and the register executed and delivered, and the complainant accepted the deed, a copy of which is hereto attached, marked 'Exhibit A,' and made a part hereof. Wherefore the defendant says that, at the time of the alleged offer by the complainant to redeem said land from the defendant the said judgment and decree of the complainant upon which the complainant bases its right to redeem said lands from the defendant had been fully paid and satisfied by the purchase by complainant, at the sale aforesaid, of the interest of said Caffee and wife in the lands, and the complainant at the time of said offer to redeem had not, for the reason aforesaid, any right to redeem said land from the defendant, and has not, since said offer to redeem, acquired any such right." It is not averred in the plea that said sale was ever reported to and confirmed by the chancery court. After an affirmance by the supreme court and before the case was set down on its merits for trial in the court below, the respondent, appellant here, amended his plea by adding thereto: "That subsequent to the said purchase by complainant herein, and subsequent to the acceptance by complainant herein of the deed executed and delivered as aforesaid by said register, said register made report to said chancery court in and for the county of Lowndes in the said cause therein pending of the bank against A. E. Caffee, et al., of the said purchase by complainant therein under said decree of the interest of said Caffee and wife in and to the lands described in said decree of the supreme court of Alabama as hereinbefore set out, in the following words ,to-wit: (Here follows the copy of the register's report.) That the said sale of the interest of the said A. E. Caffee and the purchase thereof by said bank has never been set aside by said chancery court for the county of Lowndes, and has not been otherwise set aside." The plea as amended does not show

[McGaugh v. Deposit Bank of Frankfort.]

a confirmation of said register's report. There were demurrers to the plea for a want of sufficiency in the allegations thereof as a defense to the bill. The chancellor held the plea to be insufficient as a defense to the bill.

H. S. HOUGHTON, and W. P. McGAUGH, for appellant.—The bank having bid at the sale an amount more than sufficient to satisfy the decree and paid the difference in cash and received the deed to the land purchased, could not thereafter use such judgment or decree for the purpose of redeeming under the statute as judgment creditors.—*McGaugh v. Deposit Bank of Frankfort,* 38 So. Rep. 181; *Preston v. McMillan,* 58 Ala. 94.

Complainant's acquired whatever title was vested in and conferrable by the Caffees' in and to the land for which complainant's bid by virtue of its bid at the register's sale and the acceptance of the register's deed in pursuance of the bid; and a confirmation of such sale was not necessary to convey such title nor to complete such sale.—*Jones et als. v. Burden,* 20 Ala. 882; *Adderholt v. Henry,* 82 Ala. 541; *Witter v. Dudley,* 42 Ala. Ala. 616; Jones on Mortgages (2nd Ed.) §§ 1637 and 1653.

Judicial sales cannot be repudiated by the purchaser except for fraud, accident, mistake, imposition or surprise, and the confirmation relates back to the date of the sale.—*Haralson v. George,* 56 Ala. 295; *Brown v. Isbell,* 11 Ala. 109; *Thomas v. Caldwell,* 136 Ala.518; 17 A. & E. Ency. of Law, p. 992.

POWELL & HAMILTON, for appellee.—There is nothing in the plea from which an inference can be drawn that the sale of the land by the register was ever approved by the court and the sale cannot be valid until reported to and approved by the court making it.—*McGaugh v. Deposit Bank of Frankfort,* 141 Ala. 434; *Hutton v. Williams,* 35 Ala. 503; *Ex parte Branch,* 63 Ala. 386; *Cruikshank v. Luttrell,* 67 Ala. 318; *McEach-*

*in v. Warren,* 92 Ala. 554. It, therefore, follows that appellee's judgment against Caffee was never satisfied, and that appellee as a judgment creditor had the right to redeem.—§ 3510, code 1896; *Wallace v. Hall,* 19 Ala. 317; *Bland v. Bowie,* 53 Ala. 159. There is nothing in the plea or contention that the sale made by the register was an absolute sale and irrevocable.

There is nothing in the plea to show that appellee's judgment against Caffee was ever marked satisfied or of record, or that Caffee ever insisted on its being so marked, and he was the only one who could do so.— *Mooney, et als. v. Parker,* 18 Ala. 708; *Poe v. Dorroah,* 20 Ala. 291; *McGhee, et als. v. Gwin,* 25 Ala. 186.

DENSON, J.—This is the second appeal in this case. The appeal now, as was the former one, is from an interlocutory decree adjudging the plea interposed by the defendant insufficient. The facts of the case as made by the bill and the plea are set out in the report of the case in 141 Ala. 434, 38 South. 181. The reporter will take the facts as there set out.

After the decree of the chancellor was affirmed the defendant amended his plea by averring that the register, on the 20th of July, 1903, reported the sale of the lands made under the decree of the chancery court. This amendment does not vary the facts of the case in any material particular from what they were as presented by the record on the former appeal, there being no averment in the plea that the register's report of the sale was ever confirmed by the court. So the question now before us for determination is the same as it was on the former appeal, and the answer to it must be the same, unless the court recedes from the decision then made.

The insistence of the appellant is that the appellee, having bid at the sale made by the register under the decree of the supreme court an amount more than sufficient to satisfy that decree, into which the judgment of the circuit court was merged, and having paid the difference in cash and received a deed to the land purchased from the register, could not thereafter use the

judgment or decree for the purpose of redeeming under the statute allowing judgment creditors the privilege of redemption. This insistance proceeds upon the theory that the appellee's purchase operates an irrevocable satisfaction of the judgment and decree. This is undoubtedly the rule applicable to purchasers at execution sales, and was so recognized by us in the opinion handed down when the case was here before. But we held that the rule did not apply to this case for the reason that the sale at which the appellee purchased—the register's sale—was a judicial sale, to perfect which required a report to be made to the court and a confirmation of that report by the court, and without which the judgment against Caffee was not satisfied.—*McGaugh v. Deposit Bank of Frankfort,* 141 Ala. 434, 38 South. 181.

It is now insisted that in reaching the conclusion the court omitted consideration of the case of *Jones v. Burden,* 20 Ala. 382. The case was not considered by the court, and it seems to have been overlooked by counsel also. In that case William Jones, as executor of Cheesborough, filed his bill in the chancery court to foreclose a mortgage executed by John Moyrant and wife on certain real estate. A decree of foreclosure was rendered by which the register was directed to sell the land in the same manner that sheriffs are required by law to sell real estate. At the sale Jones (the executor) and one Blair became the purchasers. The register executed to them a deed and they took possession of the land; but the sale was never confirmed, nor did the register ever report the sale. The amount bid at the sale was credited on the mortgage debt and a balance remained unpaid. Burden, who was a judgment creditor of John Moyrant, made the proper tender to Jones & Blair and filed his bill to redeem. The right to redeem was resisted on the ground that the sale was not perfect and complete, because it had never been confirmed by the chancellor. The court, speaking through Chief Justice Dargan, said: "In England a bidder cannot be considered as the purchaser until the sale has been confirmed

by the chancellor; for until then the property is not at his risk, and if it be destroyed in the interim between the bidding and the confirmation he cannot be compelled to take it. But a practice has grown up in this state different from the practice in England. There the bid is reported by the master to the court of chancery, but the purchase money is not paid, nor any conveyance executed to the purchaser, until the report of the master is confirmed; but here the purchase money is paid to the register at the time of the bidding, and he, unless directed by the order of sale to the contrary, then executes and delivers to the purchaser a deed for the premises. This was the course pursued in the case before us, and the purchasers obtained possession of the land, and have occupied it ever since; and if we were to hold that it required a confirmation of the sale to render them purchasers, they have it in their power forever to prevent a judgment creditor of the mortgagor from redeeming, for they may decline to have the sale confirmed, and a judgment creditor has no power to compel them, and thus, from their own neglect in not procuring a confirmation of their purchase, they would reap a benefit. We think that, under the practice in this state we must hold the purchase complete from the time the bidder pays the purchase money, and receives a conveyance from the register. From that period the property is at his risk, and he could not repudiate the purchase for any thing afterwards intervening."

It would seem from the foregoing extract that the case conflicts with the former opinion in this case. But Chief Justice Dargan said in explanation of the foregoing: "It is not, however, to be inferred that we intend to hold that the bidder, by paying the amount bid and receiving a conveyance, obtains an indefeasible title without confirmation; for the practice is well settled, that the sale may be set aside before confirmation, for improprieties or irregularities in the sale. 'All that we intend to say is, that when the decree authorizes the register to receive the amount bid, and make a conveyance, the bidder must be considered as the purchaser

from the time he receives a deed." It will be noted, too, that the court in that case laid stress on the fact that the purchasers were in possession of the land. In the case of *Witter v. Dudley,* referring to the case of *Jones v. Burden,* through Byrd, J., the court said: "In the case of *Jones v. Burden,* Dargan, C. J., in delivering the opinion of the court, says: 'All that we intend to say is that when the decree authorizes the register to receive the amount bid and make a conveyance, the bidder must be considered as the purchaser from the time he receives a deed.' In this we concur; but to some of the expressions in that opinion, prior and subsequent to the above extract, we do not assent, but consider it as explanatory of, and as limiting, those expressions." *Witter v. Dudley,* 42 Ala. 616. So it would seem that the case of *Jones v. Burden,* has been in some respects considered of doubtful authority.

However this may be, the sale at which the appellee in this case purchased was not a sale under execution on a decree; but the sale was made under a decree which condemned the specific property that was sold, to be sold by the register to obtain money with which to satify appellee's claim or judgment. It was essentially a judicial sale in which the court in legal effect was the seller. Such a sale is unlike a sheriff's execution, which is a ministerial, and not a judicial act, and in making which the law regards the officer, and not the court as the vendor. The fact that the decree directed that the register, in advertising and selling the lands, should proceed in the manner prescribed by law for sale of lands levied on under execution, cannot be construed as changing the nature of the sale. In other words, it cannot be construed as making the register or the complainant the vendor. This only requires and authorizes the register to advertise the land in the manner and for the length of time that is required by the statute applicable to execution sales and to sell at public auction at the courthouse. There is no other significance to be attached to it. And since the adoption of the code of 1896, it may be doubtful as to the authority

of the register at such a sale in the absence of express authority, given by the decretal order of sale, to make a deed to the purchaser before confirmation.

Section 3208 of the code of 1876, which provides that, "when real estate, or any interest therein, has been sold by any sheriff, register in chancery, or commissioner appointed by any decree of the chancery or probate court to make sale of real estate or any interest therein, such sheriff, register or commissioner, upon compliance by the purchaser with the terms of sale * * * must execute a deed to the purchaser," etc., was amended by the adoption of the code of 1896, and the section as it stands in that code only applies to sales made by the sheriff.—§ 2917 (3208) code 1886. Section 2917 was carried into the code of 1896 as it stood in the code of 1886.—Code 1896, § 1914 (2917) (3208).

While, under the facts of the case at bar, the appellee might be considered a purchaser in the sense that the register could report him as such in his report of the sale to the court, yet the sale being a judicial one and it completion necessarily depending upon confirmation of the sale by the court, before there is confirmation, it would seem to be an illogical conclusion to hold that the purchase by the appellee was a satisfaction of the decree in its favor.—*McEachin v. Warren*, 92 Ala. 554, 9 South. 197; *Phillips v. Benson*, 82 Ala. 500, 2 South. 93; *McGaugh v. Deposit Bank*, 141 Ala. 434, 38 South. 181. Confirmation being a necessary step in the completion of the sale and not being averred in the plea, we again conclude that the decree of the chancellor holding the plea insufficient is correct; and adhering to the conclusion reached on the former appeal, a decree will be here rendered affirming the decree of the chancery court.

Affirmed.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ. concur.