A. L. SMITH, ADMINISTRATOR *de bonis non* OF THE ESTATE OF GEO. N. BRESSLER, J. W. BEACH, MARY A. BRESSLER, NEVA MAE O'NEAL, JR., AND HER HUSBAND, N. C. O'NEAL, JR., ARTHUR M. BRESSLER, AND HIS WIFE, NEVA E. BRESSLER, GEO. L. CANN, TRUSTEE FOR THE CREDITORS OF F. D. TINSLEY, D. P. HULL, AND E. P. WILLIAMSON, *Appellants,* v. A. H. KLEISER, *Appellee.*

Division B.

Opinion Filed January 23, 1926.

*E. W. & R. C. Davis,* for Appellants;

No appearance for Appellee.

BUFORD, J.—This suit was instituted in the Circuit Cout of Lake County, Florida, by A. H. Kleiser against the appellants to foreclose a mortgage made on the 20th day of May, 1913, by Geo. N. Bressler, and his wife Mary A. Bressler, to the Bank of Groveland, Florida, which mort-

gage was originally to secure the sum of two thousand dollars ($2,000.00) for which Bressler had given the bank his note; afterwards Bressler paid five hundred dollars and gave a renewal note for fifteen hundred dollars ($1,500.00) which was secured by the same mortgage. On the 29th of December, 1914, the note was either paid off and discharged by Mary A. Bressler, or else was purchased by Mary A. Bressler, one of the Mortgagors. The record shows that an assignment was made of the note and mortgage on December 29, 1914, by the Bank of Groveland to Arthur M. Bressler, a son of the Mortgagors and who apparently had nothing whatever to do with the transaction.

Whether or not this transaction constituted a purchase and assignment of the mortgage or constituted a paying off and discharge of the mortgage is immaterial so far as the disposition of this case is concerned. The record further shows that on the 25th day of January, 1918, Arthur M. Bressler made an assignment of the note and mortgage in which the complainant in the court below the appellee here was named the assignee, and by virtue of this assignment A. H. Kleiser claimed the right to foreclose the mortgage and in his bill of complaint alleged that he was then the owner of the note and mortgage with full right to foreclose the same. In his bill of complaint he alleges that J. W. Bach and others have some claim to, and claim to have some interest in the property described in the mortgage.

None of the defendants in the court below filed any pleadings except the defendant J. W. Beach, who filed an answer in which he alleged that the note and mortgage sued on had been paid off and discharged and that he was then and there the owner in fee simple of the land and premises described in the bill of complaint and denied that his claim to the described land or his interest therein was inferior to or subordinate to the claim of the complainant and further

alleged as follows: "This defendant says that the pretended assignment of mortgage made by A. M. Bressler to the complainant is a mere sham, and was made without any consideration therefor, and he denies that said note or mortgage was sold to the complainant, and denies that complainant is the owner thereof, or has any actual interest in the matter; and he says the pretended assignment to the complainant was made for the sole purpose of trying to "obnebulate" some of the ear-marks of the purposed fraud, the consummation of which is sought in and by the bill of complaint in this cause.

"And further answering, this defendant says that all money owning upon said promissory note or secured by said mortgage was fully paid by Mary A. Bressler to the Bank of Groveland, the then owner and holder thereof, on the 29th or 30th day of December, 1914; and he denies that there is any sum whatever now unpaid or owing to the complainant upon or by reason of said note and mortgage or either of them, and denies that any right of foreclosure of said mortgage exists or has existed at any time since the 30th day of December, 1914; and denies that said mortgage is of any virtue or affect against property described therein or is any lien upon said property or any part thereof."

There was no replication to the answer of Beach.

Testimony was taken by a special master under order of the Court and final decree was rendered in favor of the complainant against the defendants in which it was adjudicated, the complainant was entitled to foreclosure of the mortgage to enforce the payment of the sum of two thousand seven hundred eighty-five and 25/100 dollars ($2785.25) principal and interest together with $300.00 attorney's fee and in default of payment thereof together with cost, the property described in the mortgage should

be sold to satisfy such decree. From this decree an appeal was taken upon which the same is now before this Court.

There were four assignments of error:

1. The court erred in entering final decree in favor of the complainant, A. H. Kleiser.

2. The court erred in refusing to dismiss the original bill on final hearing.

3. The court erred in entering final decree in favor of A. H. Kleiser in his own right.

4. The court erred in finding and entering decree that the lien of complainant had not been paid off and discharged.

The first three assignment of error present practically the same legal question and adjudication of these questions will dispose of this suit. It is not necessary therefore to consider the fourth assignment of error.

The evidence shows that the payment made to the Bank of Groveland, whether as a payment to discharge the obligation sued upon or for an assignment of the same was made by Mary A. Bressler, one of the Mortgagors, and by such assignment Arthur M. Bressler acquired no title in the mortgage or note, the evidence further shows that the assignment made by Arthur M. Bressler to A. H. Kleiser was made without consideration from the assignee and that Kleiser did not take or claim to take any title to the mortgage or note, but that he understood that as a matter of accommodation he was taking the title as trustee for Mary A. Bressler. Kleiser brought suit to foreclose the mortgage to enforce payment of the notes in his own name, in his individual capacity, alleging that he was the owner and holder of the notes. His own testimony shows conclusively that none of these facts were true and therefore shows conclusively that he was not in a position to bring or maintain the suit in his own name. If suit to foreclose a mortgage

which has been assigned.  *  *  *  is by bill in equity it should be in the name of the real owner of the debt secured.

>27 Cyc. 1516 and authorities there cited,
>Whitehouse Equity Practice, Section 67 and authorities there cited,
>Jones on Mortgages, 7th edition sec. 1457 and authorities there cited.

There was a fatal variance between the allegations in the Bill as to the ownership of the securities constituting the basis of the suit and the proof of the ownership thereof. The Bill of Complaint should have been dismissed on final hearing.

This case should be and the same is hereby reversed with directions that the same be dismissed at the cost of the complainant in the court below.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND STRUM, J., concur in the Opinion.