292 So.2d 603 (1974)
Orville Joe ROBERTS, Appellant,
v.
George S. HARKINS et al., Appellees.
No. 73-596.
District Court of Appeal of Florida, Second District.
March 27, 1974.
Rehearing Denied May 2, 1974.
*604 R. Dewey Burnsed of Davis, McLin, Burnsed & Austin, Leesburg, for appellant.
L.E. Brown, P.A., Tavares, and Broad & Cassel, Miami Beach, for appellees.
HOBSON, Acting Chief Judge.
This is an appeal from a final summary judgment in favor of the appellees, hereinafter referred to as "HNC," in a mortgage foreclosure action.
The owner of the property against which the foreclosure was sought was Wild Kingdom, Incorporated, hereinafter referred to as "Owner." In the complaint to foreclose filed by HNC it was alleged that the Owner was in default under the note and mortgage held by HNC. The appellant, Roberts, was named in the complaint of HNC as a defendant who had or claimed an interest in the property sought to be foreclosed by virtue of a mortgage which was subordinate and inferior to the lien of HNC. Roberts answered the complaint and denied that his lien was subordinate and inferior to that of HNC. Roberts also counterclaimed to foreclose his mortgage and alleged that the Owner was in default under the note and mortgage of HNC. Roberts attached to his counterclaim the mortgage under which he claimed a superior lien to that of HNC, together with a subordination agreement in which he subordinated his mortgage to the mortgage of HNC.
There is no issue as to the authenticity of HNC's mortgage, Roberts' mortgage or the subordination agreement executed by Roberts.
In the mortgage from the Owner to Roberts, Roberts agreed as follows:
"To subordinate this Mortgage to the lien of any subsequent mortgage for improvements to be constructed on the mortgaged premises. This mortgage may be a combination construction and permanent mortgage or it may be two separate mortgages with the construction mortgage being replaced by a subsequent permanent mortgage. The Subordination shall be in substantially the same form as Exhibit # 2 of the Contract for Sale and Purchase executed by the parties hereto."
The subordination agreement executed by Roberts in favor of HNC reads as follows:
"SUBORDINATION AGREEMENT
"WHEREAS, the undersigned is the owner and holder of that certain Mortgage made by WILD KINGDOM INCORPORATED, a Florida corporation, as Mortgagor, unto the undersigned, as Mortgagee, to secure an original indebtedness in the sum of Two Hundred Seventy Six Thousand Nine Hundred ($276,900.00) DOLLARS, said Mortgage being dated April 26, 1972, filed under Clerk's File No. 72-7158 of the Public Records of Lake County, Florida, said mortgage encumbering the parcel II of the property described in Exhibit A attached hereto and made a part hereof; and
"WHEREAS, the property described in the said parcel II as well as all of the other property described in the said Exhibit A has been mortgaged by WILD KINGDOM INCORPORATED to GEORGE S. HARKINS and ROBERT T. COUGHLAN, as Trustees of HNC Mortgage and Realty Investors, a Massachusetts *605 Business Trust, hereinafter called the `First Mortgagee', to secure a mortgage loan in the sum of SIX MILLION DOLLARS ($6,000,000.00), said mortgage to the First Mortgagee being dated April 26, 1972, and filed under Clerk's File No. 72-7152 of the Public Records of Lake County, Florida; and
"WHEREAS, the First Mortgagee would not close this mortgage loan and disburse the proceeds thereof unless its mortgage were confirmed to be a first lien, superior in right and dignity to the lien of the mortgage held by the undersigned,
"NOW, THEREFORE, for and in consideration of TEN DOLLARS, in hand paid by the First Mortgagee, receipt whereof is hereby acknowledged, and to induce the First Mortgagee to disburse the proceeds of its mortgage loan as aforedescribed, and for other good and valuable consideration, the undersigned does hereby represent, warrant, covenant and agree as follows:
"1. That the mortgage held by the undersigned and described in the first paragraph of the preamble of this Subordination Agreement, together with the indebtedness secured thereby, is owned by the undersigned and that neither said mortgage nor said indebtedness has been assigned, transferred or pledged to any person whomsoever, so that the undersigned has full right and authority to execute this Subordination Agreement.
"2. That the mortgage held by the undersigned aforedescribed in the first paragraph of the preamble of this Subordination Agreement be, and the same hereby is, declared to be for all times inferior and subordinate in lien, right and dignity to the mortgage held by the First Mortgagee hereinabove described and as said mortgage held by the First Mortgagee may hereafter be modified, renewed, extended, or additional funds advanced thereunder and secured thereby."
Roberts by affidavit stated that he had subordinated his mortgage to the lien of HNC's mortgage only for improvements to be constructed on the mortgaged premises; that he had inspected the property since the filing of the complaint and there had been no improvements constructed on the property; that HNC had full knowledge of the terms of his mortgage and full knowledge of the purpose for the execution of the subordination agreement.
Based on the pleadings, the instruments involved to which there was no question of their authenticity and Roberts' affidavit, the trial court concluded as a matter of law that under the subordination agreement Roberts' lien by virtue of his mortgage was subordinate and inferior to that of HNC's.
Roberts argues that there is a genuine issue of material facts as to the subordination agreement being solely for improvements to be constructed on the property. He claims that the material facts set out in his affidavit create a genuine issue which precludes the court from entering a final summary judgment.
Roberts' agreement to subordinate contained in the mortgage from the Owner to him was an instrument entered into between Roberts and the Owner to which HNC was not a party. Therefore, HNC can in no way be bound by the terms of the agreement to subordinate entered into between the Owner and Roberts.
The subordination agreement entered into by Roberts whereby he subordinated his mortgage to the mortgage of HNC is clear, concise and unambiguous.
The long-established and well-settled rule in this state is set forth in All-Dixie Insurance Agency, Inc. v. Moffatt, Fla.App.3d 1968, 212 So.2d 347, at page 350:
"* * * Our conclusion is based upon the well-established rule that where the parties to a contract have selected the langage contained therein, and where that *606 language is clear and unambiguous, the courts are without authority to rewrite the terms of the agreement to give them a meaning other than the one expressed. Hamilton Const. Co. v. Board of Public Instruction, Fla. 1953, 65 So.2d 729; Florida East Coast Railway Co. v. Atlantic Coast Line Railroad Co., Fla.App. 1967, 193 So.2d 666; Paddock v. Bay Concrete Industries, Inc., Fla.App. 1963, 154 So.2d 313."
A reading of the subordination agreement being couched in clear, concise and unambiguous language, brings us to the conclusion, as it did the trial court, that as a matter of law HNC's lien by virtue of its mortgage is a first lien, superior in right and dignity to the lien of the mortgage held by Roberts.
For the foregoing reasons the summary final judgment appealed is affirmed.
Affirmed.
BOARDMAN and GRIMES, JJ., concur.