379 So.2d 119 (1979)
WILLIAMS, SALOMON, KANNER & DAMIAN, As Trustee, Appellant,
v.
AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, a Florida Corporation, Appellee.
No. 78-2288.
District Court of Appeal of Florida, Third District.
November 13, 1979.
Rehearing Denied February 6, 1980.
*120 Williams, Salomon, Kanner, Damian, Weissler & Brooks and Vincent E. Damian, Jr., Miami, for appellant.
Helliwell, Melrose & DeWolf and Robert J. Schaffer, Miami, for appellee.
Before BARKDULL and HUBBART, JJ., and CHAPPELL, BILL G., Associate Judge.
CHAPPELL, BILL G., Associate Judge.
Appellee, American Bankers Life Assurance Company of Florida, held a first mortgage in the original amount of $500,000, and Development International Corporation of Florida held a second mortgage in the original amount of $125,000 on real property owned by Maule Industries, Inc. Then, on August 6, 1974, Appellee obtained a third mortgage in the amount of $239,530.74 on the subject property relying upon a Subordination Agreement dated July 11, 1974 from Development International Corporation of Florida yielding priority of the second mortgage to a "new mortgage" in the amount of $700,000. On August 15, 1974, American Bankers recorded a Mortgage Consolidation and Extension Agreement which consolidated and extended the first and third mortgages to form a single lien of $700,000. Prior to executing the Subordination Agreement, Development International Corporation of Florida had made a collateral assignment of the second mortgage to Security Mortgage Investors securing all obligations of Development International Corporation to Security Mortgage Investors. This assignment was dated April 5, 1974 and recorded April 25, 1974. On April 15, 1975, pursuant to a Stipulation of Settlement in a lawsuit filed in Osceola County, Security Mortgage Investors executed a General Release to Development International Corporation and assigned the second mortgage to appellants herein. This appeal is from a final judgment of foreclosure in which the Court below ruled that the Mortgage Consolidation and Extension Agreement and the first and third mortgages of appellee, consolidated and extended by said Agreement, together constituted a first lien upon the subject property.
Obviously, the trial court found the Subordination Agreement to be binding, and with this we do not agree. When collateral *121 is duly assigned as security for a debt, the assignee creditor acquires the title of the security which the assignor cannot abridge, the latter enjoying merely an equity of redemption. Travelers Insurance Company v. Tallahassee Bank and Trust Co., 133 So.2d 463 (Fla. 1st DCA 1961).
If nothing is left to be redeemed, the assignor's rights therein would be terminated. Since Security Mortgage Investors, the assignee, was not a party to the Subordination Agreement, it cannot be bound thereby. Roberts v. Harkins, 292 So.2d 603 (Fla. 2nd DCA 1974).
A mortgage that is assigned as collateral security may be foreclosed by the assignee, Gables Racing Assoc., Inc. v. Persky, 116 Fla. 77, 156 So. 392 (1934), but the original mortgagee may intervene in the suit for the purpose of showing that the assignment was made as collateral security only. Torreyson v. Dutton, 145 Fla. 169, 198 So. 796 (1940). Here, it appears that the debt secured by the mortgage was in default, and as part of an agreement releasing the debtor of its obligations, Security Mortgage Investors assigned the mortgage to appellants, leaving nothing for Development International Corporation of Florida to redeem. Appellants, as assignees of the mortgage, may foreclose the mortgage in a proceeding brought in their own names. Smith v. Kleiser, 91 Fla. 84, 107 So. 262 (1926).
Appellants further contend that the Mortgage Consolidation and Extension Agreement extinguishes the first and third mortgages and creates a new mortgage inferior to their second mortgage. We see nothing in the Agreement indicating an intention to extinguish these mortgages. Federal Land Bank of Columbia v. Godwin, 136 So. 513 (Fla. 1931), aff'd. as mod., 107 Fla. 537, 145 So. 883 (1932). Nor do we see any indication that a new debt is being substituted for the old. Murphy v. Green, 102 Fla. 102, 135 So. 531 (1931); Taines v. Capital City First Nat. Bank, 344 So.2d 273 (Fla. 1st DCA 1977). In fact, the language describes the consolidated mortgage as two mortgages taken together and the consolidated note as two notes taken together. It is our opinion that this agreement merely changes the mode of payment without discharging the mortgages or depriving the holder of the security afforded thereby. Marden v. The Elks Club, 138 Fla. 707, 190 So. 40 (1939).
In view of our holding the Subordination Agreement ineffective as to the appellants herein, we must further point out that the third mortgage cannot be elevated to the same priority of that held by the first mortgage. In accordance with the general rule, the three mortgages herein rank in the priority of their acquisition.
Accordingly, the order appealed is reversed and the cause is remanded with directions for further proceedings to establish the amounts due the parties on each of the mortgages consistent with the views herein expressed.
Reversed and remanded with directions.