BASKIN, Judge
(dissenting).
I disagree with the majority opinion because, in my view, the testimony does not support the majority’s finding that Carmo-na failed to comply with the judgment of specific performance.
Furthermore, the purchase money mortgage appears in both the warranty deed and the mortgage deed as subject to the prior outstanding mortgages and fourth in position. Appellant agreed to relinquish any legal priority the purchase money mortgage might otherwise have enjoyed. See Graham v. Commonwealth Life Insurance Co., 114 Fla. 585, 154 So. 335 (1934); Williams, Salomon, Kanner & Damian v. American Bankers Life Assurance Co. of Florida, 379 So.2d 119 (Fla. 3d DCA 1979), aff’d after remand, 399 So.2d 365 (Fla. 3d DCA 1981); Roberts v. Harkins, 292 So.2d 603 (Fla. 2d DCA), cert. denied, 302 So.2d 417 (Fla. 1974); Miller, Starr & Regalia, Subordination Agreements, 13 U.C.L.A. L. Rev. 1298, 1299 (1966). Under these circumstances, the seller may not be heard to complain.
For these reasons, I would affirm.