In re ½ MILE LUMBER COMPANY, INC., a/k/a Half Mile Lumber Company, Inc., Debtor.

George A. Bernstein, as Trustee of the George A. Bernstein Revocable Trust dated 3/13/91 as to an undivided ⅓ Interest and Delores A. Bernstein, as Trustee of the Delores A. Bernstein Revocable Trust dated 3/13/91 as an undivided ⅔ Interest, Plaintiffs,

v.

½ Mile Lumber Company, Inc., a/k/a Half Mile Lumber Company, Inc., Defendant.

John P. Barbee, Trustee, Counterclaimant/Third Party Plaintiff,

v.

George A. Bernstein, as Trustee of the George A. Bernstein Revocable Trust dated 3/13/91 as to an undivided ⅓ Interest and Delores A. Bernstein, as Trustee of the Delores A. Bernstein Revocable Trust dated 3/13/91 as an undivided ⅔ Interest, Counter–Defendants,

Patricia H. Henson, Reservoir Capital Corporation, Comerica Bank, U.S. Bank, National Association, State of Florida/Department of Revenue, Fine Leasing Corporation d/b/a Graybar Financial Services, Inc., Ford Motor Credit Company, and Airborne Freight Corporation, Third–Party Defendants.

Bankruptcy No. 00–35713–BKC–SHF. Adversary No. 01–3069–BKC–SHF–A.

United States Bankruptcy Court, S.D. Florida.

Feb. 28, 2005.

George P. Ord, Esq., Murphy, Reid, Pilotte, et al., Palm Beach, FL, for debtor.

## ORDER APPROVING SETTLEMENT AGREEMENT (1) BETWEEN TRUSTEE AND CREDITORS, RESERVOIR CAPITAL CORP., INC. AND U.S. BANK, N.A.; (2) BETWEEN TRUSTEE AND FORD MOTOR CREDIT CO., AND (3) BETWEEN TRUSTEE AND COMERICA BANK

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on June 15, 2004, upon the Motion to Approve Settlement (1) between the Trustee and Creditors, Reservoir Capital Corp., Inc. and U.S. Bank, N.A.; (2) between Trustee and Ford Motor Credit Co., and (3) between Trustee and Comerica Bank ("Motion to Approve Settlement"). By way of the Motion to Approve Settlement (C.P. 164), the Trustee and Creditors Reservoir Capital Corp., Inc., U.S. Bank, N.A., Ford Motor Credit Co., and Comerica Bank, as secured creditors, seek to quantify and resolve the amounts which these creditors are entitled to be paid from the proceeds generated as a result of the Trustee's sale of the estate's assets. Three of the other creditors—George A. Bernstein and Delores A. Bernstein, respectively, as the alleged holders of an undivided 1/3 interest (as to the George A. Bernstein Revocable Trust) and an undivided 2/3 interest (as to the Delores A. Bernstein Revocable Trust), in a mortgage which encumbered the debtor's real property, and Patricia H. Henson, as the alleged holder of three separate mortgages which encumbered the subject real property, object to the proposed settlement. The Court, having carefully considered the Motion to Approve Settlement and the objections thereto, along with argument of counsel, grants the Motion to Approve Settlement for the reasons set forth below.

### JURISDICTION

██ This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (B), 28 U.S.C. § 1334(b), and Bankruptcy Rule 9019. Bankruptcy Rule 9019 provides that after conducting a hearing properly noticed to all creditors, the Court may approve a compromise or settlement. "It has long been the law that approval of a settlement in a bankruptcy proceeding is within the sound discretion of the court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air,* 85 B.R. 886, 890–891 (Bankr.S.D.Fla.1988). The Court must consider four factors in deciding whether to approve a proposed settlement: (a) the probability of success in the litiga-

tion; (b) the difficulties to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay surrounding it; and (d) the interests of the creditors. *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir.1990). In evaluating a proposed settlement, the Court must make an informed, independent judgment that the compromise is fair and equitable. The judgment requires consideration of all relevant facts necessary to form an intelligent and objective opinion of the probabilities of ultimate success should the claims be litigated. *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 88 S.Ct. 1157, 1163, 20 L.Ed.2d 1 (1968).

## PROCEDURAL BACKGROUND

This case was commenced on December 21, 2000, with the Debtor's filing of its voluntary chapter 11 petition. The Debtor was in the business of manufacturing roof trusses utilized in the construction of residential and commercial buildings. During the pendency of this case as a chapter 11 proceeding, the Debtor filed a Motion to Sell Property Free and Clear of Liens (Case No. 00–35713; C.P. 33) on February 26, 2001. After notice and hearing, this Court entered its March 29, 2001 Order Authorizing Sale of Property Free and Clear of Liens with Liens, if Any, to Attach to the Proceeds of Sale (Case No. 00–35713; C.P. 63). This Order authorized the sale of the Debtor's assets, consisting of both real property and personal property, to Space Coast Truss, Inc. for $1,900,000, free and clear of liens, claims and encumbrances. On April 12, 2001, this case was converted to a chapter 7 proceeding, and contemporaneously, John P. Barbee ("Trustee") was appointed chapter 7 trustee (Case No. 00–35713; C.P. 77). Upon Mr. Barbee's appointment as chapter 7 trustee, counsel for the debtor-in-possession transmitted net sale proceeds of $1,269,865.99 to the Trustee. As of March 31, 2004, the Trustee held a balance of $1,329,508.69.[1]

## COMMENCEMENT OF BERNSTEIN ADVERSARY PROCEEDING

On March 29, 2001, the instant adversary proceeding was commenced with the filing, by George A. Bernstein and Delores A. Bernstein, as trustees of their respective revocable trusts, of their Complaint to Set Aside Purported Satisfaction of Mortgage. In the complaint, the Bernsteins assert that a full satisfaction of mortgage, purportedly satisfying a $340,000 loan made by the Bernsteins to the Debtor on December 31, 1991, was mistakenly executed and recorded in the public records for Palm Beach County, Florida, and that instead, the Bernsteins should have executed only a partial satisfaction of mortgage. More specifically, the satisfaction of mortgage executed by the Bernsteins, as trustees of their respective revocable trusts, on March 23, 2000 (Adv. Pro. 01–3069; C.P. 6—Ex. B), in actuality should have been a partial satisfaction of mortgage, evidencing a reduction of the balance due the Bernsteins from $340,000 to $165,000, thereby reflecting the partial repayment of the debt due to the Bernsteins to the extent of $175,000. The Bernsteins thus seek an adjudication that they, in their representative capacities, jointly re-

---

1. Pursuant to the regulations established by the Office of the United States Trustee, all panel trustees, including Mr. Barbee, are required to file annual reports with the court providing a detailed synopsis of receipts and disbursements since the trustee's appointment. The exact balance presently held by Mr. Barbee may vary somewhat from the $1,329,508.69 balance held as of March 31, 2004.

main owed $165,000, secured by the proceeds generated from the sale of the real property sold by the Trustee, to which proceeds their mortgage has attached. The Debtor's real property was included among the assets conveyed pursuant to the March 29, 2001 Order.

The Trustee answered, and raised various defenses to the validity of Plaintiffs' mortgage. Thereafter, the Trustee filed his Counterclaim/Third Party Complaint by John P. Barbee, Trustee, to Determine the Validity, Priority and Extent of Liens, and for Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547 & § 549 and for Determination of Priority under 11 U.S.C. § 724(b) ("Counterclaim/Third Party Complaint"; Adv. Pro. 01–3069; C.P. 17), designating the Bernsteins as counterdefendants, and designating the other above-styled parties as Third–Party Defendants. Third–Party Defendants Patricia Henson, Reservoir Capital Company, Inc., Ford Motor Credit Company, State of Florida/Dept. of Revenue, and U.S. Bank, N.A., respectively, filed responsive pleadings to the Trustee's Counterclaim/Third Party Complaint, generally asserting the priority of their respective mortgages or liens against the proceeds generated by the Trustee's sale.[2] U.S. Bank, N.A. ("U.S.Bank") asserted that its mortgage, recorded on September 22, 2000 to secure a loan of $1,363,000, was entitled to priority over the mortgages and liens asserted by the Third Party Defendants ( Adv. Pro. 01–3069; C.P. 30). The argument asserted by U.S. Bank as to the validity and priority of its alleged first priority position was challenged by Reservoir Capital Corporation, Inc. ("Reservoir"), which contended that the mortgage recorded by U.S. Bank was avoidable as a preferential transfer under 11 U.S.C. § 547(b), in that U.S. Bank's mortgage was recorded within ninety days of the filing of the Debtor's chapter 11 petition (Adv. Pro. 01–3069; C.P. 39). The Trustee filed a joinder in Reservoir's Motion to Dismiss the Third Party Cross–Claim filed by U.S. Bank (Adv. Pro. 01–3069; C.P. 48). Defendants Patricia Henson ("Henson"), State of Florida/Dept. of Revenue ("DOR"), Ford Motor Credit Company ("FMCC"), and Comerica Bank ("Comerica") each respectively filed answers to the Trustee's Third Party Complaint, alleging the validity of their respective mortgages or liens (Adv. Pro. 01–3069; C.P.s 24, 27, 29, and 31).

On January 27, 2003, this Court entered its Order Granting Reservoir Capital Corporation, Inc.'s Motion to Dismiss U.S. Bank National Association's Third Party Cross–Claim (Adv. Pro. 01–3069; C.P. 83). By way of this Order, the Court determined that the mortgage obtained by U.S. Bank to secure its $1,363,000 loan in favor of the Debtor constituted a voidable preferential transfer pursuant to 11 U.S.C. § 547(e)(2)(D). Since the entry of the Order Granting Reservoir Capital Corporation, Inc.'s Motion to Dismiss U.S. Bank National Association's Third Party Cross–Claim, discovery has ensued and various parties have filed potentially dispositive motions.

## TERMS OF PROPOSED SETTLEMENT

Pursuant to the Motion to Approve Settlement (Adv. Pro. 01–3069; C.P. 160), the Trustee, and Reservoir, U.S. Bank, FMCC and Comerica Bank, have stipulated to a settlement which effectively provides for

---

**2.** Defendants Fine Leasing Corporation, Graybar Financial Services, Inc. and Airborne Freight Corporation did not respond to the Trustee's Counterclaim Third Party Com-plaint, and a Clerk's default was entered against these Defendants on September 12, 2003 (Adv. Pro. 01–3069; C.P. 139).

the distribution of the proceeds generated from the Trustee's sale of assets. Pursuant to the settlement, Trustee, Reservoir, U.S. Bank, FMCC, and Comerica (collectively, "Settlement Parties") have agreed that the approximate amount of proceeds generated from the sale of the Debtor's real and personal property held by the Trustee equals $1,329,000.00. The Settlement Parties further agree, for purposes of the settlement, that the aggregate valuation of their collateral is $2,565,000.00, which valuation is allocated as follows:

| | |
|---|---|
| Real Property | $2,200,000.00 (85.77%) |
| Personal Property | $ 330,000.00 (12.8655%) |
| Vehicles | $ 35,000.00 ( 1.3645%) |

The proceeds generated from the sale shall be allocated to the real and personal property on a pro-rata basis by dividing the value of the real or personal property by the sum of the total valuations. The calculation for the allocation of the proceeds toward the real property is $2,200,000.00/$2,565,000.00 or 85.77% of $1,329,000.00 which equals $1,139,883.00. The calculation for the personal property is $330,000.00/$2,565,000.00 or 12.8655% of $1,329,000.00 which equals $170,982,50. The calculation for the vehicles is $35,000.00/$2,565,000.00 or 1.3645% of $1,329,000.00 which equals $18,134.50. The Settlement Parties submit that approval of the proposed settlement is warranted, based upon the irrefutable documentation of record establishing the priority of liens against the sale proceeds as delineated below.

## REAL PROPERTY

The Debtor's real property, located at 9500 West Atlantic Avenue, Delray Beach, Florida, consisting of a five-acre parcel of real property upon which was constructed a two-story building, and manufacturing and storage facilities, ostensibly was subject to the following delineated mortgages/liens:

| Name of Mortgagee/Lienholder | Amount Allegedly Secured By Mortgage/Lien | Date of Recordation |
|---|---|---|
| George A. Bernstein and Delores Bernstein, Trustees | $ 340,000.00 | December 31, 1997 |
| Reservoir Capital Corp. | $ 100,000.00 | December 9, 1998 |
| Patricia H. Henson | $ 50,000.00 | September 1, 1998 |
| Patricia H. Henson | $ 45,000.00 | May 7, 1999 |
| Fine Leasing Corp. | $ 1,844.99 | June 12, 2000 (jdgmt. recorded) |
| State of Florida/Dept. of Revenue | $ 240,655.93 | August 1, 2000 (tax warrant recorded) |
| State of Florida/Dept. of Revenue | $ 36,096.63 | September 7, 2000 (tax warrant recorded) |
| Reservoir Capital Corp. | $ 500,000.00 | May 15, 2000 |
| U.S. Bank, N.A. | $1,363,000.00 | September 22, 2000 |
| Patricia H. Henson | $ 50,000.00 | November 16, 2000 |

█ Federal courts are duty bound to apply state law when determining the extent, validity, and priority of liens and security interests created pursuant to state law. *In re Haas*, 31 F.3d 1081 (11th Cir.1994). With regard to mortgages and liens against Florida real property, the axiom "first in time, first in right" generally applies, as Florida is considered a "notice" filing state. *Bank of South Palm Beaches v. Stockton, Whatley, Davin & Co.*, 473 So.2d 1358, 1360 (Fla. 4th DCA 1985); *Contractors Construction Corp. v.*

*Michael Development,* 213 So.2d 430 (Fla. 4th DCA 1968). However, Florida courts generally recognize the validity of properly executed subordination agreements, whereby one creditor voluntarily subordinates its secured position to the secured position of another secured creditor. *See, Contractors Construction Corp. v. Michael Development Corp.,* 213 So.2d 430 (Fla. 4th DCA 1968); *Roberts v. Harkins,* 292 So.2d 603 (Fla. 2nd DCA 1974). The *Roberts* court, in enforcing subordination language contained in a properly-executed mortgage, stated:

> Our conclusion is based upon a well-established rule that where the parties to a contract have selected the language contained therein, and where that language is clear and unambiguous, the courts are without authority to rewrite the terms of the agreement to give them a meaning other than the one expressed.

*Id.* at pgs. 605–606. At the hearing on the Motion to Approve Settlement, neither Henson nor the Bernsteins, the only parties objecting to the proposed settlement, challenged the validity of the subordination agreements executed in favor of their clients. Rather, their respective objections addressed the effect of the subordination agreements vis-a-vis the lien priorities of the other recorded lienholders. As to the mortgage allegedly held by the Bernsteins ($165,000.00), Reservoir ($100,000.00), and Henson ($145,000.00), all were subordinated to the mortgage loan extended to the Debtor by U.S. Bank on or about March 20, 2000.[3]

Since the Bernsteins, Reservoir, (to the extent of $100,000.00) and Henson subordinated the referenced mortgages to the mortgage of U.S. Bank, their respective claims to the proceeds derived from the sale of the Debtor's real property are subordinate to the claim of U.S. Bank ($1,363,000.00). However, since Reservoir did not subordinate its $500,000 loan secured by a mortgage recorded May 15, 2000, its secured claim against the proceeds generated from the sale of the real property primes the mortgage of U.S. Bank ($1,363,000.00). As the gross purchase price for the sale of all of the Debtor's assets, approved by way of this Court's March 29, 2001 Order, exceeded the aggregate amount due to Reservoir and U.S. Bank ($1,863,000.00), subordinate mortgage lienholders would have no entitlement to proceeds generated from the Debtor's sale of its real property, and accordingly, have no legitimate basis to object the proposed settlement.

## PERSONAL PROPERTY

The Debtor's personal property consisted of furniture, fixtures, equipment and two vehicles. Comerica held a perfected security interest against the subject personal property, excluding the vehicles, securing repayment of the amount of $330,000.00.[4] The Trustee and Comerica have reached an agreement whereby the

3. The Bernsteins subordinated their mortgage to U.S. Bank's mortgage as reflected by the Note and Mortgage Modification and Subordination Agreement executed by the Bernsteins (Adv. Pro. 01–3069; C.P. 114—Ex. B). Reservoir admits that its December 9, 1998 mortgage, in the amount of $100,000, was subordinated to the loan made by U.S. Bank in the amount of $1,363,000.00 (Adv. Pro. 01–3069; C.P. 25 [Answer and Additional Defenses of Reservoir Capital Corporation as to the counterclaim/third party complaint by John P.

Barbee, Trustee—par. 65]). Patricia Henson, through argument presented by her counsel at the June 15, 2004 hearing on the Motion to Approve Settlement, acknowledged that she executed subordination agreements in favor of both U.S. Bank and Reservoir.

4. There is no documentation of record reflecting that any other creditor, aside from Comerica, held a perfected security interest or lien against the Debtor's personal property, other than FMCC, which was the sole security inter-

Trustee shall pay $165,000.00 out of the sale proceeds in satisfaction of the secured claim held by Comerica. FMCC holds a perfected security interest in each of the Debtor's two vehicles for a total amount of $35,000.00. The Trustee and FMCC have reached an agreement to pay FMCC the sum of $17,500.00 from the sale proceeds. There has been no objection raised as to the validity of the security interests asserted against the Debtor's personal property. Therefore, the Court approves the settlement reached between these parties.

## CONCLUSION

The Court has thoroughly examined all relevant facts to determine whether the settlement agreement proposed between the Trustee and Creditors Reservoir Capital Corp., U.S. Bank, N.A., Ford Motor Credit Co., and Comerica Bank, is fair and equitable. Furthermore, the Court has considered the probability of success of the litigation and the complexity, expense and delay that would be caused by further litigation of this adversary proceeding. Therefore, the Court grants the Motion to Approve Settlement and overrules the objections thereto.

est holder against the Debtor's motor vehi- cles.