ALTENBERND, Judge,
Concurring.
I concur in this decision because existing precedent requires me to do so. A requirement that the plaintiff prove that it owned or possessed a promissory note at the commencement of a foreclosure action may have made sense during earlier periods of economic downturn,[3] but in this era of securitization of mortgage debt and computerized banking, it has proven to be a restriction that often provides a windfall to a borrower who can prove no harm by the fact that the plaintiff obtains possession of the note after the filing of the lawsuit but before the entry of judgment. So long as there is no dispute that the borrower received the money and defaulted on the note, the law should not use “standing” to require the dismissal of a lawsuit. If the defendant raises this issue at the inception of the lawsuit this affirmative defense may warrant a delay in the proceedings while the plaintiff establishes that it can enforce the note. But especially when the original note in default has already been filed in the court record, the law should generally permit a plaintiff to obtain a judgment of foreclosure if the plaintiff establishes that it has a right to enforce the note at the time it seeks to obtain a final judgment. See generally Taylor v. Deutsche Bank Nat’l Trust Co., 44 So.3d 618 (Fla. 5th DCA 2010). The courts have erroneously transformed what should be a defendant’s affirmative defense, permitting the defendant to avoid a judgment of foreclosure by a plaintiff who is a stranger to the note, into a jurisdictional prerequisite that must be established by the plaintiff to avoid a dismissal of the action.
There appears to be no genuine dispute in this case that Ms. Focht borrowed about $110,000 from BNC Mortgage, Inc., in 2002, using her duplex as collateral. She signed a promissory note and executed a mortgage. She did not make the payment due in September 2007 or any payment thereafter. As a result, Wells Fargo filed this foreclosure action in January 2008.
Ms. Focht filed an answer pro se. It included twenty-one affirmative defenses. Many of those defenses were frivolous— *313 contributory negligence, basic rights under Article I, section 2 of the Florida Constitution, improper forum, and piercing the corporate veil. Read generously, I do not believe this answer raised a defense of standing.
In July 2008, Wells Fargo filed the original promissory note with the court. Only then did Ms. Focht raise a defense of standing. At that time and for the last five years, there has been no practical risk that any other entity might claim ownership of or a right to enforce the note. Certainly, Ms. Focht is not claiming that she is making timely payments to some other putative owner of the note.
But for the precedent, there would appear to be no reason to reverse this case. Admittedly, in this case and in numerous other cases the financial institutions have brought these problems upon themselves by the complex methods of securitizaton and their own sloppy recordkeeping. Admittedly, Ms. Focht and many other Floridians believe they were misled by mortgage brokers and others into signing notes and mortgages that were not appropriate for their financial circumstances. Admittedly, some borrowers become confused and frustrated because they do not know whom to contact to discuss their financial difficulties when they fall behind on a note. But none of these concerns are solved by creating a jurisdictional prerequisite of “standing.”
Ms. Focht cannot demonstrate that she has been the victim of any legal harm in this case arising from Wells Fargo’s delayed possession of the note. In fact, it appears that she has lived for years in this duplex during the pendency of the foreclosure proceeding, collecting rent from the tenants in the other unit, while making no payments on the note and while forcing the lender to advance $22,218.85 toward taxes or other escrow expenses.
The trial courts have been overwhelmed by foreclosure filings. In many of these civil lawsuits the defendants, under a duty to plead in good faith, should be expected to admit that they received the money, signed the notes and mortgages, and failed to make the payments. They may often have legitimate affirmative .defenses, but the delayed production of the original note and mortgage in a case where the note and mortgage are in default should not justify a dismissal of the legal proceeding.
Presumably, our mandate requires the dismissal of this foreclosure action, which in turn will undo the foreclosure sale. Ms. Focht will regain possessioh of her property and apparently continue her free use of the duplex while the lender continues to make advances to cover the expenses typically paid from escrow. Our certified question of great public importance is dis-positive of this appeal and worthy of consideration by the supreme court.

. See generally Tunno v. Robert, 16 Fla. 738 (1878); Smith v. Kleiser, 91 Fla. 84, 107 So. 262 (1926).